MECHANICS' NATIONAL BANK OF TRENTON, Plaintiff, v. STANLEY NEWMAN and Another, Defendants.*

Supreme Court, New York County, July 22, 1930.

*Noble, Morgan & Scammell* [*Lyle Evans Mahon* of counsel], for the plaintiff.

*Jeremiah T. Mahoney* and *Edgar A. Samuel,* for the defendants.

SCHMUCK, J. Motion granted. In order that judgments should not be suspiciously obtained, and in consequence the force thereof impaired, the courts have insisted that service of process be indisputably established and in case of service other than personal service all the requirements of statute be actually rather than substantially complied with. Without consideration thereof and without passing on the contention that the order herein permitting substituted service was improvidently granted, this motion is entitled to receive approval because proper service by substitution has not been made. The right of substituted service is one given by statute, and if sought to be exercised must be utilized only in the manner provided. The Civil Practice Act, section 231, prescribes the manner in which substituted service can be made and requires that process and a copy of the order must be *affixed* to the outer or other door of the residence of the party to be served and that another copy of the papers must be mailed to him or her by

* Revd., 230 App. Div. 832.

depositing them in the United States post office. It is sufficient for the resolution of the question raised by this application to limit consideration to the manner of service by affixation. For the purpose of the statute, affixing means securely attached. To bind with a rubber band and to twist the band around the door knob does not fulfill statutory requirements. Remembering the elasticity of rubber and the likelihood of its displacement when used as it was by the process server, it cannot be said that the method used herein was fastening in any sense whatsoever. Credence must be given to the statement of defendant's father that he found the papers on the doormat, especially as the papers had no mark of affixing on them. Even though it be assumed that mailing was proper and the discrepancy in the affidavit of the process server immaterial variance since partial performance is insufficient, the motion must be granted because the method of affixing was not such as is contemplated by section 231 of the Civil Practice Act. Submit order.