Jacob J. Schwartzwald, J.
The defendant Deodora Lorenzo moves to set aside the service of a summons on the ground that the said service is void.
The plaintiff sued Donato Lorenzo and Deodora Lorenzo, designated as defendants, and the answer served set forth an appearance for Donato Lorenzo only. Issue was joined by the service of said answer on June 11, 1959. Thereafter many proceedings were had, such as an examination before trial, held on November 18,1959, pursuant to a notice, and the minutes submitted by plaintiff’s counsel, taken down by the stenographer of the defendant’s attorney, sets forth amongst the appearances Thomas V. Kingham, Esq., attorney for the defendants. The oath taken by the said Deodora Lorenzo refers to her as a defendant herein and she was duly examined by the attorney for the plaintiff. At the time of the filing of the note of issue, February 8, 1960, the plaintiff’s attorney set forth the name of the defendant’s attorney, Thomas V. Kingham, attorney for defendant(s), while the “s” next to the word plaintiff was x’ed out. The statement filed pursuant to former rule 9 of the Kings County Supreme Court Rules, which is a public record, had attached thereto the affidavit of one Sanford Fiveson, which sets forth that he served the within summons “ on Donato Lorenzo and Deodora Lorenzo ’ ’. The served amended complaint *442 indicates Thomas V. Kingham, Esq., as attorney for defendants. A letter addressed to the attorney for the plaintiff, dated November 13, 1962, states: 111 forward herewith the duly executed copy of the examination before trial of the defendant Deodora Lorenzo taken on November 18, 1959.” The bill of particulars dated Janary 25,1960 indicates Thomas V. Kingham, Esq., attorney for defendants. In other words, while the attorney for the defendant in the answer appeared only for the defendant Donato Lorenzo, the actions on the part of the defendant’s attorney were sufficient to show that it was also the intention of the said defendant’s attorney to appear for Deodora Lorenzo.
The court feels that there was a duty upon the defendant’s attorney to have indicated to the plaintiff’s attorney that he did not appear generally for both defendants. Most of the papers, as above indicated, show that they were served as against both defendants over a long period of time, and the said attorney for the defendants cannot be heard to say that there was not an appearance generally for the defendant Deodora Lorenzo. The court feels that there is no need for a hearing. All of the facts are before the court and the conclusion therefrom is that the defendant Deodora Lorenzo waived the right to object to the court’s jurisdiction, was estopped from asserting such an objection and was guilty of laches. “ When a party becomes ‘ an actor in a suit ’ is often a question of degree and of evaluation of the particular facts (Henderson v. Henderson, 247 N. Y. 428, 432), but his participation in the merits is certainly one way in which a defendant will be prevented from thereafter contesting jurisdiction of his person.” (See Revona Realty Corp. v. Wasserman, 4 A D 2d 444, 448.) (Also, see, Hayuk v. Hallock, 11 Misc 2d 1086.)
Motion to set aside the service is denied.