Daniel E. Fitzpatrick, J.
Motion by defendant to confirm the report of Honorable Samuel S. Tripp, the Special Referee of this court, dated February 11, 1965, and thereupon to grant judgment dismissing the complaint for lack of jurisdiction of the person of the defendant.
Inasmuch as the question upon which the Special Referee reported is of first impression, the pertinent parts of his report are herewith set forth in full, notwithstanding that the motion to confirm is unopposed:
“ This is an action for damages for the breach of a separation agreement. A copy of the summons and complaint was allegedly served upon the defendant by affixing same ‘ to the outer door of said defendant’s residence [20 East 74th Street, Borough of Manhattan, City of New York, on August 29’, 1964] since admittance could not be obtained upon reasonable application or a person of proper age and discretion found who would receive the same ’ and by mailing another true copy ‘ properly enclosed and sealed in a post paid wrapper, addressed to the said defendant at the aforementioned residence address.’
“In a separate affidavit, the process server stated that on August 20, 22 and twice on August 25,19-64, he called at the defendant’s foregoing residence ‘ and spoke to a man on the house phone, who identified himself as the defendant, and he informed the deponent that he resides at the above residence ’; that the affiant told the defendant 1 that he had a legal service to serve upon him, the said defendant refused to make an appointment, or other arrangements for personal service of said process.’
*447 ‘ ‘ The foregoing affidavits, as well as the affidavit of one of plaintiff’s attorneys, were filed in the office of the County Clerk on September 4, 1964. On September 23, 1964, the plaintiff’s attorneys received defendant’s ‘ Notice To Take Deposition and Produce Papers ’ dated September 22, 1964 and returnable on October 7,1964. By a letter dated October 2,1964, addressed to the plaintiff’s attorneys, the defendant’s attorneys confirmed their oral agreement adjourning at defendant’s request the return date of this notice of deposition and the plaintiffs’ cross-notice from October 7 to October 21, 1964, at the same time and place. On October 13, 1964, the defendant mailed his motion papers returnable on October 27, 1964, wherein he sought judgment pursuant to CPLR 3211 (a) dismissing the complaint on the ground that the court has not jurisdiction of the person of the defendant or, in the alternative, (b) on the ground that the complaint fails to state a cause of action.
“ The sole ground for the jurisdictional objection is that while the defendant did receive a copy of the summons and complaint by mail at his residence 20 Bast 74th Street, no copy thereof ‘ was affixed to the outer door ’ of his ‘ said residence ’; nor was a copy ‘ affixed to any other part ’ of his residence, nor did he ‘ in any other way receive an additional copy of the summons or complaint. ’ At the hearing, the defendant testified to the same effect and he denied that anyone called him on the house phone in August 1964 and told him that he had legal papers to serve upon him.
“ The defendant resides in apartment D on the 11th floor of a 17-story apartment building occupied by approximately 100 tenants. There is a small vestibule as one enters the building through double doors and this in turn leads to a lobby, likewise by means of double doors. The house phone switch board, in an alcove, is attended by a receptionist from 8:00 a.m. to midnight. A doorman is on duty during the same hours and the two elevators are attended by two men from >8:00 a.m. to 10:00 f.m. and by one man all night. 'The outer doors are open until midnight when they are locked until morning.
“CPLR 308 (subd. 3) is very specific in requiring the mailing of the summons to the defendant at his last known residence ‘ AND [1] either affixing the summons to the door of his place of business, dwelling house or usual place of abode within the state OR [2] delivering the summons within the state to a person of suitable age and discretion at .the place of business, dwelling house or usual place of abode of the person to be served ’. The mailing alone would not constitute service of process. (Mechanics Nat. Bank of Trenton v. Newman, 137 Misc. 587, revd. on *448 other ground, 230 App. Div. 833. ) Affixing the summons to the outer door of defendant’s residence or delivering it .to a person of suitable age and discretion thereat was also required since the statute contemplates strict compliance in order to obtain jurisdiction of the person of a defendant by substituted service. (Lehman v. Mariano, 285 App. Div. 824. ) I find that this was not done.
“ The affidavits of the process server adequately show that he could not effect service upon the defendant personally. They fail, however, to establish factually that he was prevented from going up to the defendant’s apartment, the door to which leads to his abode from which the general public is excluded, or even from entering the lobby of the apartment building where there were persons of suitable age and discretion .to be found to whom a copy of the summons could be delivered but who refused to take it. Upon such proof, the Appellate Division of the First Department held in Merchandise Nat. Bank of Chicago v. Lister (5 A D 2d 653) that it was proper even under the more restrictive language of section 230 of the Civil Practice Act, for the process server to attach ‘ the papers to the outside door ’ of the apartment building.
‘ ‘ The plaintiff did not call the process server as a witness. She relied solely on his filed affidavits which for the reasons noted I find insufficient. Her principal contention, however, was that by serving the notice to take her deposition and to produce papers thereat, the defendant waived the jurisdictional objection even if meritorious. The question then is whether the defect in this case was waived by the service on September 22 or 23, 1964 of the defendant’s notice to take the plaintiff’s deposition. I think not. While such notice is a participating step on the merits of litigation, here obviously to obtain the tactical advantage of priority of examination before trial (CPLR 3106, subd. [a]), this notice was served before the expiration of the defendant’s time to answer or to make ‘ a motion which has the effect of extending the time to answer ’ (CPLR 320, subd. [a]).
“ Weinstein-Korn-Miller in their work, New York Civil Practice (vol. 1, par. 320.13) observe that an informal appearance ‘ will fail to grant personal jurisdiction if the defendant raises an objection to jurisdiction ‘ ‘ at the time of appearance by motion or in the answer ” * * * This is a departure from past procedure where raising an issue on the merits constituted a waiver of the jurisdiction issue as to the person ’. In an article entitled ‘ Appearance and Motions Baising Jurisdictional Objections in New York ’ by Professors Adolf Homiburger and Joseph Laufer, scheduled for publication in volume 14, number 3, Spring 1965 *449 issue of the Buffalo Law Review, these distinguished scholars state:
‘ ‘ ‘ Modern procedure has abandoned the traditional distinction between a special and general appearance. The appearance of itself does not defeat the right to present jurisdictional objections ; on the contrary, an appearance is necessary in order to raise them. However, like other objections and defenses which are subject to waiver they are lost by defendant’s failure to assert them timely. The only jurisdictional significance of the appearance should be that a defendant who has appeared cannot withdraw the jurisdictional issue from the court by submitting to a default judgment and thereafter attack jurisdiction collaterally in another court. Thus the modern approach has changed the function of an appearance. It is no longer true that a defendant who has appeared formally or informally, cannot thereafter question by motion or in the answer the exercise of jurisdiction of the court over his person or property; but it should still be true that, once he has appeared, whether formally or informally, he could no longer question the court’s power acquired by his appearance to determine the issue of jurisdiction. If he defaults after an appearance, he has lost the jurisdictional objection by failure to raise it timely. And he should no longer be able to challenge collaterally the power of the court to determine the jurisdictional issue since he has appeared. ’ (Emphasis supplied.)
“ CPLR 308 (subd. 3) provides that proof of substituted service ‘ shall be filed with the clerk of the court designated in the summons and service is complete ten days thereafter ’. Here proof of service was filed on September 4, 1964 and, therefore, the service of process was complete on 'September 14, 1964. CPLR 320 (subd. [a]) provides in pertinent part that the appearance by a defendant served, among other ways, by substituted service ‘ shall be made within thirty days after service is complete ’. By the application of section 20 of the General Construction Law, the defendant’s thirty days expired on October 14,1964 by which date he could serve his answer or make the motion under CPLR 3211 (subd. [a], par. 8) challenging the court’s jurisdiction of his person. He made such motion on October 13,1964 (CPLR 2211). Consequently, the jurisdictional objection was not waived by the prior service of a notice to examine the plaintiff before trial.
“ I therefore recommend that so much of defendant’s motion as seeks to dismiss ‘ the complaint herein on the ground that the Court has not jurisdiction of the person of the defendant ’ should be granted.”
*450 The foregoing report and recommendation is confirmed and adopted by the court and judgment is directed dismissing the complaint for lack of jurisdiction of the person of the defendant.