■ LESLIE L. BALASSA, Respondent, v. BENTELER-WERKE A. G., Appellant.— In an action by plaintiff to recover the reasonable value of services rendered and the expenses incurred as the (nondomiciliary) defendant's representative in the United States and Canada, the defendant appeals from an order of the Supreme Court, Westchester County, entered April 8, 1964, which granted plaintiff's motion, pursuant to statute (CPLR 3211, subd. [b]), to dismiss defendant's second defense of lack of jurisdiction of its person, as pleaded in paragraphs "Eighth" and "Ninth" of its answer (which motion was treated by the court as a motion for summary judgment pursuant to CPLR 3211, subd. [c]) and *inter alia* dismissed such defense. Order reversed, with $10 costs and disbursements, and motion denied. Plaintiff commenced this action on September 18, 1963 by serving a summons without complaint on the defendant in Germany. On October 5, 1963, the defendant served a notice of appearance and a demand for a copy of the complaint. The complaint was served on October 25, 1963; and the answer was served on or about November 15, 1963. Plaintiff thereupon moved to dismiss as insufficient the second defense pleaded in paragraphs "Eighth" and "Ninth" of the answer on the ground that the defendant's notice of appearance, without objection to the court's jurisdiction over its person, constituted a waiver of such defense. At the time of the above proceedings, the statute (CPLR 320, subd. [b]) in part provided that "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 [namely, that the court has not jurisdiction of the person of the defendant] is asserted *at the time of appearance by motion or in the answer.*" (Emphasis supplied.) The Special Term, in granting the plaintiff's motion here, held that "the service of the notice of appearance dated October 5, 1963 [without

objection to any alleged lack of jurisdiction at the time of appearance] conferred jurisdiction upon the court." In our opinion, the Special Term's holding was erroneous (*Renwal Prods.* v. *Kleen-Stik Prods.*, 43 Misc 2d 645; *Lugo* v. *Tulier*, N. Y. L. J., July 10, 1964, p. 7, col. 7). Under the statute (CPLR 320, subd. [b]) as it existed prior to the amendment of that subdivision, effective September 1, 1964, objection to jurisdiction could have been made either by motion or in the answer. When so read, CPLR 320 (subd. [b]) is consistent with CPLR 3211 (subd. [e]) which, so far as pertinent, now (as then) provides: "At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in subdivision (a) is waived unless raised either by such motion or in the responsive pleading". A contrary construction would render the above two rules inconsistent — a result never contemplated. Moreover, following the determination below, CPLR 320 (subd. [b]) was amended (eff. Sept. 1, 1964) so as to delete the words "at the time of appearance." The reason for the amendment, as declared in the Report of the Judicial Conference (Feb. 1, 1964) to the State Legislature, is that: "The requirement that an objection to jurisdiction of the person of the defendant must be asserted 'at the time of appearance' in order to be effective is inconsistent with rule 3211 (e) and may prove a trap for the unwary. In order to avoid such an unintended result the proposed change should be made." We are further of the opinion that, in view of the amendment of CPLR 320 (subd. [b]), this court in any event must decide the case on the basis of the law as it exists at the time of our decision (*Straus* v. *University of State of N. Y.*, 2 N Y 2d 464; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419; *Lazarus* v. *Metropolitan Elevated Ry. Co.*, 145 N. Y. 581; *Kugel* v. *Telsey*, 250 App. Div. 638; *Matter of Paliotto* v. *Dickerson*, 22 A D 2d 929). Under the circumstances, the section, as amended, with the phrase "at the time of appearance" deleted, is controlling. It therefore follows that, by filing its notice of appearance before the service of the complaint upon it, the defendant has not conferred jurisdiction upon the court. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.