Harold Birns, J.
On the court’s own motion, my decision dated February 14, 1967 is hereby amended and republished to read as follows:
Defendant seeks to vacate and set aside the order of attachment secured by the plaintiff on December 14, 1966, to set aside all levies made thereunder and to cancel and vacate the undertaking posted by defendant, on the ground that the summons herein was not served upon the defendant within 30 days after the order was granted. Admittedly the summons and complaint were not served within said 30-day period as required by CPLR 6213.
Defendant, within such 30-day period, had secured an ex parte order under CPLR 6222 discharging the attachment and had filed the undertaking required therein. Plaintiff claims this amounted to a general appearance in the action and equivalent to personal service of the summons upon the defendant within the 30-day period pursuant to CPLR 320 (subd. [b]). However, CPLR 6222 states that the making of a motion under that section shall not of itself constitute an appearance in the action. It does not limit the motion to one on notice only. A motion is an application for an order and a motion may be made on notice and also may be made ex parte, but it is still amotion (CPLR, art. 22). The mere fact that plaintiff waived notice of the motion for the order and approved the sufficiency of the undertaking in a stated amount, and that such waiver and approval was made a part of the ex parte order, may not be considered a general appearance on the part of the defendant.
A person may submit his person to the jurisdiction of the court by means of an informal appearance. The test is whether the party has become an actor therein by participating in the suit on the merits; the question being one of degree depending on the facts of each case (see Hammond v. Hammond, 9 A D 2d 615).
These rules were developed under the former practice when a defendant who questioned such jurisdiction was required to protect himself by a special appearance. However, these rules may have been affected by the elimination of the practice of special appearances and the new practice under the CPLR which *72 permits a defendant to raise the question of the court’s jurisdiction over him by motion or in the answer (4 Carmody-Wait 2d, New York Practice, § 26:24).
The rule embodied in former section 237 of the Civil Practice Act — that a general appearance cures defects of service and basis — caused a defendant to be subjected to full in personam jurisdiction even when he made an inadvertent informal appearance. The CPLR reduces the possibility of inadvertently making a general appearance by allowing a defendant to raise issues on the merits together with a jurisdictional objection. An objection to personal jurisdiction can only be lost by failing to comply with CPLR 3211. But if defendant fails to comply with CPLR 3211, CPLR 320 (subd. [b]) provides that “an appearance * * * is equivalent to personal service of the summons ”. In such a situation, pre-CPLR cases concerning inadvertent appearances would apparently still apply (1 Weinstein-KornMiller, N. Y. Civ. Prac., par. 320.12).
“ The defendant is now permitted to object to jurisdiction over his person (CPLR 320 (b), 3211 (a) (8) ) or over a res in an in rem or quasi in rem action (CPLR 320 (c), 3211 (a) (9) ), regardless of what he may have done prior to making that motion. Similarly, if the defendant does not move under CPLR 3211, he may raise the objection to jurisdiction over his person or over the res in his answer, irrespective of his procedural activity prior to that time. Thus, a defendant is free to serve a notice of appearance or to make a corrective motion without thereby jeopardizing his jurisdictional objection. He may likewise make an informal appearance— a nonstatutory appearance made by participating in the merits of the litigation as a genuine actor, cf. Henderson v. Henderson, 1928, 247 N. Y. 428,160 N. E. 775 — without risk to his jurisdictional objection ”. (Supplementary Practice Commentary by Prof. Joseph M. McLaughlin to CPLR 320, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, 1966 Cumulative Annual Pocket Part, p. 133.)
Where a defendant moved to vacate a judgment both on the grounds of nonservice of process and that defendant had a meritorious defense, it was held under the CPLR not to be a waiver of the jurisdictional objection (Mutual Home Dealers Corp. v. Alves, 23 A D 2d 791). The service by defendant of a notice to take the plaintiff’s deposition was not deemed to be a waiver of the defendant’s objection to the jurisdiction of the court over his person by reason of the alleged nonservice of process; the court stating that while such notice was a participating step on the merits of litigation, the notice was served before the expiration of defendant’s time to answer or make a motion which has *73 the effect of extending the time to answer under CPLR 320 (subd. [a]). (Mittleman v. Mittleman, 45 Misc 2d 445, 448).
The motion is accordingly granted. The order filed herein on March 16,1967, being in conformity with the above, shall remain in full force and effect.