MARCIA McGOWAN, Appellant, *v.* MARY A. BELLANGER et al., Respondents.

Third Department, July 3, 1969.

*John E. Roe* for appellant.

*Donohue, Bohl, Clayton & Komar* (*Myron Komar* of counsel), for Mary A. Bellanger and another, respondents.

*E. Edan Spencer* for Mary McGowan, defendant.

HERLIHY, J. The plaintiff, Marcia McGowan, appeals from an order which denied her motion for a default judgment against the defendant Mary Ann Bellanger.

Upon the present record it appears that the appellant's process server did not personally serve the defendant Mary Ann Bellanger (hereinafter referred to as defendant). Generally, a court acquires jurisdiction of a defendant by the personal service of a summons. Special Term upon ascertaining that the process server had left the summons and complaint with the defendant's husband, also a named defendant, refused to permit the appellant to prove what had been done with the summons by the husband. (See *Marcy* v. *Woodin*, 18 A D 2d 944, 945; cf. *McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111, 115.) There was proof that the husband undertook to effect service

upon the defendant and under such circumstances the court should have permitted inquiry as to whether or not service was in fact effectuated. The court notes that no affidavit was submitted by Louis J. Bellanger, against whom the action was discontinued, as to his participation in the various stages of the litigation, including the service of process.

Upon the present record, however, it is not necessary to have further hearings on the matter since it appears that a personal and unlimited appearance was made in the proceeding by the defendant. Although no answer or notice of appearance was interposed by the defendant following the delivery of the summons and complaint to her husband on November 8, 1962 the appellant and the defendant, Mary McGowan, served notices of examination before trial on the defendant's attorneys and the notices referred to defendant as "adverse parties"; "as a defendant", and "defendant". The defendant's admitted attorneys served a notice for the examination before trial of plaintiff, William McGowan, and subscribed the notice with their firm name "attorneys for defts. Bellanger". The plaintiff Marcia McGowan was examined at the offices of defendant's attorneys on July 24, 1963 and the record of that examination shows that the defendant's attorneys appeared by Paul F. Donohue, Esq., as "Attorneys for Defendants Bellanger." The defendant was produced pursuant to the notices describing her as a defendant for examination before trial on December 23, 1963. The examination before trial of defendant was not filed on this appeal. However, portions of it are printed in the record and it appears that when the defendant testified that on the day in question she was the owner and operator of the vehicle which struck plaintiff Marcia McGowan's vehicle, the following stipulation was made:

"It is hereby stipulated and agreed that we will, between counsel and their attorneys and all parties, discontinue the action against Louis J. Bellanger a named defendant depending on the further stipulation that the pleadings be considered to be amended accordingly, and to allege that the defendant, Mary Ann Bellanger, was the owner of the vehicle in question on April 15, 1961."

This stipulation alone seems conclusive on the issue of Mary Ann Bellanger's appearance in the action for the stipulation removed Louis J. Bellanger from the action; and if Mary Ann Bellanger was not, and never had been in the action, then the effect of removing Louis J. Bellanger therefrom would have been to terminate the action as to *both* Bellangers and there would have been no occasion for further stipulating that the

pleadings should be amended to allege Mary Ann's ownership of the vehicle involved.

Thereafter, and on August 20, 1964, the defendant's attorneys moved to strike a note of issue filed by the plaintiff and their notice of motion stated their capacity as "Attorneys for Defendants — Bellanger". In their affidavit of reasons for striking the note of issue, they described themselves as "said firm has been retained as attorneys for the defendants, Mary Ann Bellanger * * * in the action", and in other portions refer to Mary Ann Bellanger as a defendant. This motion was without doubt made on behalf of Mary Ann Bellanger as a defendant. It was conceded in the record and in the brief on behalf of Mary Ann Bellanger on this appeal that the law firm filing that motion and conducting the defense on behalf of her husband did in fact represent her as to all matters concerning the litigation.

Upon the record as a whole, the contentions of the counsel for Mary Ann Bellanger that they never made an appearance on her behalf except by inadvertence are without merit. Mary Ann Bellanger has voluntarily in person and by her attorneys participated in this action in pretrial matters. While it may be that she was not personally served in accordance with the statutory requirements, it nevertheless appears that she and her attorneys did receive the summons and complaint and have accepted the same as properly personally served for purposes of the lawsuit. (CPLR 320, subd. [b].) The examination before trial of Marcia McGowan was the first such appearance by the defendant and the appearance of defendant herself in December of 1963 was indisputably a voluntary general appearance. (See *Hayuk* v. *Hallock*, 11 Misc 2d 1086, 1093, 1094; *Perez* v. *Lorenzo*, 38 Misc 2d 441, 442.) A reading of the opposing affidavits of attorneys Donohue and Komar and the testimony before Special Term on October 14, 1966 demonstrates the equivocal position taken by Mary Ann Bellanger's attorneys, particularly when considered with the statement "We do represent Mary Ann Bellanger but we do not appear for her in this action." This kind of "tightrope walking", when considered with the facts previously mentioned and the general appearance of the defendant with her attorneys at the time of her examination before trial, at which time the stipulation above mentioned was entered into, is conclusive that the said attorneys did appear and did represent Mary Ann Bellanger in the present action.

The time to answer has long since passed, but it would appear that the defendant should be permitted to open her default. The nature of the opposition of defendants to the application of

plaintiff for severance and judgment did not permit a cross motion for permission to serve an answer.

The order appealed from should be reversed, on the law and the facts, with costs to the appellant, and the motion granted unless the defendant Mary Ann Bellanger shall serve an answer within 10 days after the entry of the order of this court, in which event the motion of the plaintiff-appellant is denied.

GIBSON, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Order reversed, on the law and the facts, with costs to appellant, and motion granted unless defendant Mary Ann Bellanger shall serve an answer within 10 days after the entry of the order of this court, in which event the motion of the plaintiff-appellant is denied.