OPINION OF THE COURT
Martin Evans, J.
Defendant moves to vacate an attachment on the grounds that plaintiff failed, within 60 days of obtaining the attachment, to complete commencement of the action by the valid service of a summons. This motion requires the court to examine the underlying purpose of a summons within the context of the revised attachment statute.
This proceeding arises out of a long series of Middle Eastern business dealings between plaintiff, a Saudi Arabian subject and resident, and defendant, a Syrian-born Armenian now residing in California. The nature and scope of their relationship is obscure. At issue is ownership of over $9,000,000 of which $6,000,000 had been deposited by plaintiff in an account in defendant’s name at the Republic National Bank of New York. Plaintiff contends that he conveyed the funds to defendant as his agent in trust, on an oral agreement that defendant would invest them for plaintiff. Defendant claims that plaintiff was his agent for trading gold in Saudi Arabia, where non-Moslems are unable to freely engage in commerce; that plaintiff, having held over $9,000,000 of defendant’s money under an oral agreement, in trust for him under plaintiff’s *171 name, withheld a substantial portion when transferring the balance at issue to defendant’s New York account. On July 8, 1981 plaintiff, because of the fear that defendant would withdraw the balance upon commencement of litigation, and as a predicate for obtaining New York jurisdiction, successfully applied for an ex parte order of attachment. Upon levy, the bank reported only $27,521.86 remaining on deposit.
CPLR 6213 provides, in pertinent part: “An order of attachment granted before an action is commenced is valid only if, within sixty days after the order is granted, a summons is served upon the defendant or first publication of the summons against the defendant is made pursuant to an order and publication is subsequently completed”. The 60-day statutory period expired on September 6, 1981. No summons was validly served, nor was any order of publication obtained, within that period.
Nevertheless, on July 13, 1981, within the statutory period, plaintiff moved for an order confirming the attachment, pursuant to CPLR 6211 (subd [b]), and served notice of that motion on defendant, along with a copy of the complaint and supporting affidavits by registered mail. There is no question that defendant received actual notice of the attachment and the imminent pendency of the action. Defendant retained counsel, who, on August 20, 1981 demanded a copy of all relevant papers from plaintiff’s attorneys. The next day, plaintiff’s attorneys served defendant’s attorneys with a copy of a summons and complaint together with the other papers upon which the attachment was based.
It is well settled that the failure to serve a summons is a jurisdictional defect, fatal to attachment, which voids it ab initio. (Raphael v Gibson, 65 AD2d 553; Kieley v Central Complete Combustion Mfg. Co., 147 NY 620; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6213.03.) This rule is motivated by common sense and fairness; indeed, it is a requirement of due process. Whether the attachment and levy is intended as a security device or as a jurisdictional predicate, it is both unfair and purposeless to indefinitely encumber the defendant’s property if no action is presently to be commenced.
*172 When the State Legislature recodified New York’s attachment statute (CPLR art 62) in 1977, it sought to guarantee the defendant’s due process rights after the grant of an ex parte order by providing for the speedy confirmation hearing procedure mandated by the new CPLR 6211 (subd [b]) where the plaintiff now bears the burden of proof. (See Fifteenth Ann Report of Judicial Conference to the Legislature on the CPLR, Twenty-Second Ann Report of NY Judicial Conference, 1977, p 243; L 1977, ch 860.)
The old law’s failure to give the defendant adequate notice and an opportunity to be heard, and its requirement that the objecting defendant bear the burden of proof rendered it constitutionally defective. (Sugar v Curtis Circulation Co., 383 F Supp 643; see North Ga. Finishing v Di-Chem, Inc., 419 US 601.)
While the notice, hearing and shifted burden of proof aspects of the revised law are necessáry elements of a constitutionally valid attachment procedure, their observance does not alone guarantee conformity with due process. The service of summons requirement of CPLR 3213 independently helps to secure due process and has thus not been rendered surplusage by the 1977 amendments; its continued viability was implicitly recognized by the Legislature’s decision to retain it as an integral part of the attachment procedure. Under the new procedure, a defendant (more accurately, a putative defendant) need no longer fear deprivation of his property without his knowledge, an opportunity to be heard and the right to put the movant to his proof. However, without the requirement that an action be commenced within 60 days, he could still be effectively deprived of his property for an indefinite length of time, without the opportunity to litigate the underlying issues which initially gave rise to the attachment.
CPLR 6213 is more than merely a notice statute, as a summons is more than mere notice. Of course, the primary purpose of a summons is to notify the defendant that an action is pending, fairly apprise him, in general terms, of its object, and tell him when, where and how he should respond. (See, generally, Valz v Sheepshead Bay Bungalow Corp., 249 NY 122, 133.) While the law provides that an *173 action be commenced by service of a summons (CPLR 304, 305), no specific form of summons is prescribed; its contents, in whatever form, must be sufficient to give such fair notice. Thus it could be argued that the complaint, order of attachment, and other supporting papers served on defendant by registered mail along with the motion to confirm the attachment, together adequately gave notice so as to be deemed a summons. Certainly defendant’s subsequent actions, including the retention of counsel, indicate that he did receive actual notice.
The law, however, requires more than notice, even actual notice alone, is insufficient. (See Wuchter v Pizzutti, 276 US 13, 24.) Assuming the existence of an adequate jurisdictional basis (here in rem jurisdiction over property deposited in New York and subject to attachment, pursuant to CPLR 314), that notice must be validly served, i.e., given by a method approved by law that is not only reasonably calculated to make the defendant aware of the proceedings even if the notice is never actually received (Dobkin v Chapman 21 NY2d 490), but additionally, one which is recognized as “an act of public power” (Matter of Bonesteel, 16 AD2d 324, 326) which symbolizes the assertion of the court’s authority over the litigants.
The service of the confirmation motion papers on defendant by registered mail was valid as service of such a motion. CPLR 6211 (subd [b]) provides that a motion to confirm an attachment be made “on such notice as the court shall direct”, and the court, in the ex parte order, did direct service by registered mail to the defendant in California. Nevertheless, it was not sufficient to constitute service of a summons.
CPLR 314 provides that:
“Service may be made without the state by any person authorized by section 313 in the same manner as service is made within the state * * *
“2. where a judgment is demanded that the person to be served be excluded from a[n] * * * interest in or lien upon specific real or personal property within the state * * * or
“3. where a levy upon property of the person to be served has been made within the state pursuant to an order of attachment”. *174 CPLR 313 authorizes such service in another State in the same manner in which service is made in New York.
Valid service on defendant, therefore, was required by any of the means permitted by CPLR 308: Personal delivery, delivery to a designated agent under CPLR 318, service upon a person of suitable age and discretion, or substituted “nail and mail” service. Nevertheless none was effected, or even attempted.
Moreover, the use of registered mail, in this case, was insufficient as expedient service under CPLR 308 (subd 5). CPLR 308 (subd 5) gives the court broad discretion to fashion alternative methods of service, reasonable and appropriate to the unique circumstances of each individual case. Yet, it presupposes that “all other avenues have been exhausted unsuccessfully.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:5, p 212; Prince v Prince, 69 Misc 2d 410.) Plaintiff neither applied for service by registered mail to satisfy this section, nor did he make the required showing that service under CPLR 308 (subds 1-4) was otherwise impracticable. Such a showing ordinarily requires that the plaintiff applicant come forward with evidence of due diligence in attempting either personal delivery or substituted service. Such evidence could not have been presented to the court since these preferred methods were not even attempted.
Neither does any other act effected in the course of this litigation either constitute or waive the valid service of a summons. Defendant’s opposition to the motion to confirm, and his own motion to vacate the attachment, do not amount to an appearance. (CPLR 6223, subd [a].) (Indeed, since no action has been commenced, defendant’s time in which to appear has not yet begun to run. See CPLR 320, subd [a].) Similarly, defendant’s attorneys’ request for the papers upon which the attachment was granted, is authorized by CPLR 6212 (subd [d]) and is not an appearance conferring jurisdiction. Plaintiff’s responsive transmittal of papers, including a summons, to defendant’s counsel by return mail is certainly not service; nor is the acknowledgement of their receipt an admission of service of a summons. (Given the absence of any evidence that defendant’s counsel is a duly appointed agent for service of *175 process under CPLR 318, such a contention is necessarily untenable.) The demand for papers of CPLR 6212, like the discovery provisions of CPLR 6220, permits the defendant to inform himself in order to prepare a defense to the attachment. The availability of these devices is therefore essential to the proper adjudication of motions to confirm or vacate. Such motions are the only available means of attacking the attachment, and thereby removing a jurisdictional predicate for the inchoate action. It would thus be anomalous, unfair and contrary to the statute’s intent to hold that exercise of these statutory rights be deemed a waiver of service.
For the same reason, defendant’s prior motion to vacate the attachment and dismiss the complaint on grounds of forum non conveniens has no jurisdiction-acquiring consequences. Bringing of a motion to dismiss, under these circumstances, does not acknowledge that an action was properly commenced. Since no summons was properly served, no action was commenced; the complaint is a nullity. While no motion need be made to dismiss a nonexistent action, it would be illogical to penalize a defendant who, rather than risking default, moved to dismiss on jurisdictional grounds. Under the circumstances, the request for inapposite relief and any attendant confusion is attributable to plaintiff, who inexplicably chose to serve a complaint while neglecting to properly commence an action.
The court therefore concludes that because no summons was properly served on defendant within the statutory period, plaintiff failed to perfect the attachment. Defendant’s motion to vacate should therefore be granted.
Settle order, vacating the attachment, on five days’ notice.