OPINION OF THE COURT
Martin Evans, J.
This plaintiff’s motion seeking to modify a prior decision of this court (Al-Dohan v Kouyoumjian, 114 Misc 2d 170), is granted.
Movant bases his application on arguments originally advanced in a supplemental affirmation dated June 7, 1982, which he incorporates by reference into this motion. The supplemental affirmation was submitted late, after both its projected submission date and the issuance of the court’s decision. The affirmation refers, inter alia, to a notice of deposition dated June 20, 1981 served by defendant on plaintiff, which plaintiff claims constituted an appearance. The existence of this notice and a later subsequently withdrawn motion to compel compliance, was not before the court at the time of the original decision. Defendant’s conduct raises a question of apparent first impression: What is the jurisdictional consequence of an informal general appearance made in the course of an attachment proceeding before formal commencement of an action by service of a summons?
Accordingly, the decision of this court dated June 3,1982 is modified by deleting the last two paragraphs, and substituting the following:
*1025 While none of defendant’s acts (i.e., his request for papers, his opposition to plaintiff’s motion to confirm the attachment and his own motion to vacate) amounted to an appearance, his notice of deposition dated June 20, 1981, did. The notice specifically sought discovery pursuant to CPLR article 31, the general disclosure provisions of the CPLR, and was broadly worded so as to demand over-all discovery on the merits. Defendant by his own affirmative conduct, made an informal appearance and effectively waived what could have been a valid jurisdictional objection. (See 1 Weinstein-Korn-Miller, NY Civ Prac, pars 320.01, 320.12.) Once a party defends on the merits, or otherwise affirmatively participates in the action other than by objecting to jurisdiction or by performing an act specifically permitted without jurisdictional consequences, he has “appeared”. “[I]t is unimportant how process was served or that it was served at all, and by appearing, all objections to the regularity or sufficiency of the service of process is waived” (Matter of Dell, 56 Misc 2d 1017, 1019; 4 Carmody-Wait 2d, § 26:36.) A request to take a deposition is such an appearance. (McGowan v Bellanger, 32 AD2d 293; see Siegel, New York Practice, § 112.)
Moreover, by attempting to justify the broad demand for discovery, defendant seeks “to create his own unique structure” not available to others in his position and thereby gain undue advantage. (See De Sapio v Kohlmeyer, 35 NY2d 402, 406.) Defendant sought to obtain the sweeping disclosure rights, not only including priority, but also exploration of possible counterclaims, available only to one defending an action on the merits. He acted unilaterally, without first having sought leave of court based on proof that the requested information was necessary to frame a defense to the attachment. Yet, he seeks to avoid the inevitable jurisdictional result simply because he claims that he subjectively intended only a limited appearance. Because defendant himself affirmatively acted beyond the scope of a limited appearance, he deprived himself of the protection from the court’s jurisdiction which a limited appearance ordinarily affords.
Plaintiff argues that every appearance is automatically jurisdiction-acquiring unless an objection to jurisdiction is *1026 made at the time of appearance. Defendant argues that an appearance no longer automatically vests jurisdiction, since the revised CPLR eliminated the former practice of a special appearance and permits a jurisdictional objection to be raised by answer or motion. Defendant claims that even if its service of a discovery notice did constitute an appearance, he had an indefinite time in which to object to jurisdiction since having not yet been served with a summons, his time in which to answer had not even begun to run.
Neither plaintiff’s nor defendant’s position reflects an entirely accurate view of either the effect of defendant’s actions or the law of appearance.
It is true that the three formal methods of making an appearance enumerated by statute do not necessarily have immediate jurisdiction-acquiring consequences. (See CPLR 320, subds [b], [c].) CPLR 320 (subds [b], [c]) formerly provided that an appearance is equivalent to personal service of a summons, unless an objection to jurisdiction is asserted “at the time of appearance”. Subsequent amendments deleted this phrase and substituted the present wording, which permits the jurisdictional objection to be interposed in the answer or in a preanswer motion to dismiss under CPLR 3211. (See Tenth Ann Report of NY Judicial Conference, 1965, proposal No. 1, p 340; Eleventh Ann Report of NY Judicial Conference, 1966, proposals Nos. 2, 3, p 384; CPLR 320, subds [b], [c]; 3211, subd [e].)
It is clear that the permissive language of the amended subdivisions (b) and (c) refers to the formal appearances enumerated in CPLR 320 (subd [a]). Thus, reading the appearance statute as an entity, we deduce the following conclusion: When a defendant appears by (1) serving an answer, (2) serving a notice of appearance, or (3) making a motion which extends his time to answer, he consents to jurisdiction unless he objects in the answer or motion. Nothing in the statute or the legislative history indicates that the Legislature intended to abolish the doctrine of informal appearance, which, more accurately could be called “appearance by conduct”. (See McGowan v Bellanger, 32 AD2d 293, supra; Venizelos v Venizelos, 30 AD2d 856.) Although “the doctrine of inadvertent informal ap *1027 pearances” has been criticized as having “little validity in the light of modern jurisdictional developments”, the doctrine of informal appearance is recognized as well established, and is well founded in law and logic. (Cf. 1 Weinstein-Korn-Miller, NY Civ Prac, par 320.12, and cases cited at n 39a.) The court notes that defendant’s appearance here was hardly inadvertent. This is not a case of a pro se party inadvertently appearing by answering a calendar or requesting time to answer. Here, experienced counsel knowingly, deliberately and actively pursued the action on the merits. The defendant sought affirmative legal relief through the process of the court; he thereby voluntarily submitted himself to the court’s jurisdiction.
In conclusion, although plaintiff did not serve a summons within the statutory period, and did not apply for an extension, ordinarily a prerequisite to perfecting the attachment, defendant waived objection by sua sponte seeking broad discovery under CPLR article 31.
Defendant’s appearance by conduct rendered service of a summons superfluous and itself perfected the attachment.
Defendant’s motion to vacate the attachment is accordingly denied.