■ MOHAMMED S. AL-DOHAN, Respondent, v AGOP K. KOUYOUMJIAN, Appellant. — Order, Supreme Court, New York County (Martin Evans, J.), entered December 8, 1982, granting plaintiff's motion modifying its prior determination which granted defendant's motion to vacate an attachment, unanimously reversed, on the law, with costs, the motion to modify denied, and the

determination vacating the attachment reinstated. We are in agreement with the analysis of Special Term in its original determination (114 Misc 2d 170), vacating the attachment by reason of the failure of plaintiff to properly serve the summons within the statutory period required by CPLR 6213. There is no dispute on this record that plaintiff failed to properly commence the action by service of the summons within 60 days after issuance of the order of attachment. Since process was not served on or before September 6, 1981, when the statutory period expired, Special Term properly concluded that the order of attachment should be vacated. The failure to serve the summons was a jurisdictional defect, which rendered the attachment void *ab initio* (see *Raphael v Gibson*, 65 AD2d 553; *Galbraith v Yancik*, 77 Misc 2d 130; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6213.04). It is also uncontested that, although the summons was never served, on July 13, 1981, within the 60-day period, plaintiff moved to confirm the attachment in accordance with CPLR 6211 (subd [b]), serving a copy of the complaint with the motion papers. This, however, did not operate as a substitute for proper service of process in the manner required by CPLR 308, nor is there such claim. The mailing of the motion to confirm by registered mail does not amount to expedient service under CPLR 308 (subd 5) since no application had been made for leave and there was no showing, as required, that service under CPLR 308 (subds 1-4) was "impracticable". We also agree with Special Term that defendant's opposition to the motion to confirm and cross motion to vacate the attachment did not constitute an appearance (CPLR 6223, subd [a]); nor did defendant's demand for the papers upon which the attachment was granted (CPLR 6212, subd [d]). Further, the transmittal of papers to counsel representing defendant does not serve as a substitute for personal service in the absence of any claim or proof that, in accordance with CPLR 318, the attorneys had been designated as agent to receive service of process on behalf of defendant. However, we do not subscribe to the conclusion reached by Special Term, in modifying its original determination, that defendant's service of a notice of deposition, albeit by its terms served pursuant to CPLR article 31, constituted an appearance and a waiver of any jurisdictional objection. The relevant facts are not in dispute. Prior to the return date of the motion to confirm the attachment, defendant served a notice to conduct an oral examination of plaintiff. Although the notice was broadly worded as "relating to the allegations of the Verified Complaint", on a subsequent motion to compel disclosure, counsel confirmed that the deposition was sought "for purposes of supporting defendant's opposition to plaintiff's motion to confirm an attachment." In modifying its initial determination, Special Term held that the service of the notice amounted to an informal appearance and a waiver of any jurisdictional objection (CPLR 320, subd [b]), albeit no action had ever been commenced since, concededly, no summons was ever served. We disagree. We fail to perceive the underlying basis for Special Term having concluded that defendant appeared when no action had ever been commenced and, therefore, the time to appear had not run. As provided in CPLR 320, a defendant appears by service of an answer or a notice of appearance, or by a motion which has the effect of extending the time to answer. CPLR 3211 (subd [e]) provides that a defendant may raise an objection to personal jurisdiction, either by pleading the objection in his answer as a defense or by timely motion to dismiss on that ground. Thus, it has been held that the service of a notice of deposition before expiration of the time to answer or move does not amount to a waiver of any objection to personal jurisdiction (see *Mittelman v Mittelman*, 45 Misc 2d 445, 448; *Coleman Capital Corp. v Trans Urban Constr. Co.*, 53 Misc 2d 70, 72). Underlying the principle is the awareness that objections to personal jurisdiction under CPLR 3211

(subd [a], par 8) may be made either by motion or in the answer and, accordingly, the failure to interpose a jurisdictional objection at the time an appearance is required under CPLR 320 is not controlling (see *Balassa v Benteler-Werke A. G.,* 23 AD2d 664; *Becker v Lesnick,* 96 Misc 2d 819; *Renewal Prods. v Kleen-Stock Prods.,* 43 Misc 2d 645). Inasmuch as no action was ever commenced, since it is conceded that a summons was never served, the service of a notice to examine plaintiff on the factual issues relevant to the propriety of the attachment did not amount to a waiver of any objection to in personam jurisdiction. We reject the contrary conclusion in that a defendant would be deemed to have appeared where no action had been commenced. *McGowan v Bellanger* (32 AD2d 293) is inapposite to the situation on this appeal. There, defendant had proceeded with a defense on the merits, serving a notice of deposition and taking the examination before trial of plaintiff, which the Appellate Division, Third Department, found sufficient to amount to a formal, voluntary appearance. In our case, the notice of deposition was served but 12 days after the ex parte order of attachment had been obtained and seven days after issuance of the order to show cause on the motion to confirm the attachment. Although the deposition notice sought production of documents concerning the underlying merits, it was conceded by respondent upon oral argument on the appeal that one of the issues to be determined on the motion to confirm was plaintiff's probability of success on the underlying merits (CPLR 6212, subd [a]). Nor do we find a waiver of any objection to personal jurisdiction as a result of defendant having moved to compel plaintiff to appear for examination. The supporting affidavit specifically states that the examination was sought to aid in opposing the motion to confirm the attachment which, at the time, was *sub judice* before another Justice. We find some significance in the concession by respondent on oral argument before us that no waiver could have resulted had that motion been made returnable before the Justice before whom the motion to confirm was pending. To the contrary, although the motion to compel could have been referred to that Justice under CPLR 2217 (subd [a]), it was not a motion affecting a prior order under CPLR 2221. In any event, a waiver of rights, as sought to be invoked by plaintiff, cannot result under the circumstances of this case, solely by reason of the fact that the discovery motion was properly returnable at Special Term, Part IA, in accordance with applicable court rules (22 NYCRR 660.8 [b] [6] [i]). There is nothing in the record to reflect that there was any request that the application be referred to the Justice before whom the motion to confirm was pending. Moreover, inasmuch as CPLR 3106 (subd [a]) authorizes a defendant to serve a notice of deposition before service of a responsive pleading is required, such service, in and of itself, cannot be held to constitute an appearance and a waiver of any jurisdictional defense. Any such holding would be self-defeating. The determination of Special Term to the contrary marks a retreat to the discarded practice of special appearances and a resurrection of the requirement that a party raise jurisdictional objections at the time of appearance, a result which would clearly conflict with both the letter and the spirit of the applicable CPLR provisions contained in rules 320 and 3211. Concur — Murphy, P. J., Sandler, Ross, Kassal and Alexander, JJ. [116 Misc 2d 1024.]