■ DOROTHY PENDERGRAST, Respondent, v ST. MARY'S HOSPITAL et al., Defendants, and "M." LIEBER et al., Appellants.— In a medical malpractice action, the defendants Lieber and Teran appeal from so much of an order of the Supreme Court, Kings County (Feldman, J.), entered March 15, 1985, as denied that branch of their cross motion which was to dismiss the complaint as against them pursuant to CPLR 3211 (a) (8), for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Lieber and Teran which was to dismiss the complaint as against them pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, is granted, and the action against the remaining defendants is severed.

The plaintiffs claim that the instant malpractice action was commenced against the defendants Lieber and Teran by personal service of process upon them on October 28, 1982. Both Lieber and Teran defaulted. Over a year later, i.e., in December 1983, the plaintiff moved, upon notice to Lieber and Teran, as required by CPLR 3215 (f), for leave to enter a default judgment. Lieber and Teran cross-moved, to dismiss the complaint against them "pursuant to CPLR 3211 (a) (8) [on the ground] that the court has no jurisdiction over these defendants". In their cross motion, both Lieber and Teran submitted affidavits specifically denying that they were ever personally served with process.

Thereafter, on April 2, 1984, all of the defendants, including Lieber and Teran, served a "Demand for Authorizations" on the plaintiff's attorney. A hearing on the question of service

was conducted on May 9, 1984, at which time testimony was given by Lieber, Teran and the process server. The Supreme Court found "from all the credible evidence that neither [Lieber nor Teran] was personally served". Nevertheless, despite this finding, the Supreme Court denied that branch of the cross motion which was to dismiss the complaint against them, ruling as follows: "However, plaintiff's second argument has merit. Defendants' counsel did, in fact, *participate* in this action on behalf of these defendants by serving a Demand for Authorization[s] upon plaintiff's counsel pertaining to X-rays of plaintiff's condition. While this Demand is not technically an 'appearance' in this action, it did communicate a clear intent by defendants' counsel to participate herein. By this Demand, counsel has protected defendants' rights and led plaintiff's counsel to conclude that there was no jurisdictional defect claimed".

We disagree with the determination of the Supreme Court. In *Al-Dohan v Kouyoumjian* (93 AD2d 714), the Supreme Court granted the defendants' motion to vacate an attachment based on the plaintiff's failure to serve a summons within the statutory period. Thereafter, it vacated that determination on the ground that the defendants' prior service of a notice of deposition in response to plaintiff's motion to confirm the attachment constituted "an informal appearance and a waiver of any jurisdictional objection" *(Al-Dohan v Kouyoumjian, supra,* at 715). In reversing the Supreme Court, and vacating the attachment, the Appellate Division, First Department, stated *(Al-Dohan v Kouyoumjian, supra,* at 715-716): "We fail to perceive the underlying basis for Special Term having concluded that defendant appeared when no action had ever been commenced and, therefore, the time to appear had not run. As provided in CPLR 320, a defendant appears by service of an answer or a notice of appearance, or by a motion which has the effect of extending the time to answer. CPLR 3211 (subd [e]) provides that a defendant may raise an objection to personal jurisdiction, either by pleading the objection in his answer as a defense or by timely motion to dismiss on that ground. Thus, it has been held that the service of a notice of deposition before expiration of the time to answer or move does not amount to a waiver of any objection to personal jurisdiction (see *Mittelman v Mittelman,* 45 Misc 2d 445, 448; *Coleman Capital Corp. v Trans Urban Constr. Co.,* 53 Misc 2d 70, 72). Underlying the principle is the awareness that objections to personal jurisdiction under CPLR 3211 (subd [a], par 8) may be made either by motion or in the answer and

accordingly, the failure to interpose a jurisdictional objection at the time an appearance is required under CPLR 320 is not controlling (see *Balassa v Benteler-Werke A.G.*, 23 AD2d 664; *Becker v Lesnick*, 96 Misc 2d 819; *Renewal Prods. v Kleen-Stock Prods.*, 43 Misc 2d 645). Inasmuch as no action was ever commenced, since it is conceded that a summons was never served, the service of a notice to examine plaintiff on the factual issues relevant to the propriety of the attachment did not amount to a waiver of any objection to in personam jurisdiction. We reject the contrary conclusion in that a defendant would be deemed to have appeared where no action had been commenced".

That branch of the cross motion of the defendants Lieber and Teran which was to dismiss the complaint against them for lack of personal jurisdiction is granted *(see, Colbert v International Sec. Bur.*, 79 AD2d 448). Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.