■ PAUL JERRY FREDERIC et al., Respondents, v IRVENS ISRAEL et al., Defendants, and TIA RUBBISH REMOVAL, Appellant. [960 NYS2d 918]—

In a consolidated action to recover damages for negligence, the defendant TIA Rubbish Removal appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated February 9, 2012, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was to dismiss the complaint insofar as asserted against it is granted.

The Supreme Court erred in denying that branch of the motion of T.I.A. of New York, Inc., sued herein as TIA Rubbish Removal (hereinafter TIA), which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. It is undisputed that the plaintiffs failed to properly commence the action against TIA (*see* CPLR 311; *Lakeside Concrete Corp. v Pine Hollow Bldg. Corp.*, 104 AD2d 551, 551-552 [1984], *affd* 65 NY2d 865 [1985]). Although TIA subsequently served a notice of appearance in the action, it was not obligated to challenge the defective service at that time, but was free to thereafter raise its objection to personal jurisdiction by a motion to dismiss pursuant to CPLR 3211 (a) (8), or by setting it forth as a defense in its answer as provided for in CPLR 3211 (*see* CPLR 320 [b]; CPLR 3211 [e]; *Pendergrast v St. Mary's Hosp.*, 156 AD2d 436, 437-438 [1989]; *Colbert v International Sec. Bur.*, 79 AD2d 448, 461 [1981]; *Balassa v Benteler-Werke A. G.*, 23 AD2d 664, 665 [1965]). Since TIA moved to dismiss in accordance with CPLR 3211, its service of the notice of appearance did not constitute a waiver of the jurisdictional objection, and the Supreme Court should have granted that branch of TIA's motion which was to dismiss the complaint insofar as asserted against it. Mastro, J.P., Rivera, Hall and Miller, JJ., concur. **[Prior Case History: 34 Misc 3d 1223(A), 2012 NY Slip Op 50211(U).]**