Dye, J.
In this appeal by permission upon a certified question, we deal with the time limitations for the commencement of an action for wrongful death, as provided in section 21 of the Civil Practice Act and section 118 of the Decedent Estate Law, insofar as applicable to the unusual facts of this case.
It is undisputed that the plaintiff’s intestate, Louise Gibson, sustained fatal injuries in an automobile accident that occurred March 6, 1955, allegedly due to the negligence of defendant’s intestate, Augustine De Lano, who at the same time suffered fatal injuries and died on the day of the accident. Three days later and on or about March 9, 1955, De Lano was followed in death by the plaintiff’s intestate. Thereafter, letters of administration were duly issued to the representatives of the Gibson estate on May 2,1955 and to the estate of De Lano June 30,1958.
This action was commenced July 14, 1958. The complaint alleges two causes of action: the first for damages for wrongful death, and the second for damages for conscious pain and suffering prior to death. The sufficiency of the action based on wrongful death is challenged on the ground of untimeliness for the sole reason that the defendant’s intestate, having predeceased the plaintiff’s intestate by three days, was not “ a person against whom a cause of action exists ”, within the meaning of section 21 of the Civil Practice Act. While a literal reading of section 21 without more would seem to support the appellant’s contention, this statute — like any other — may not be read in vacuum, but must be examined in light of and read in connection with other legislative pronouncements on the same or kindred subjects.
*95 The second paragraph of section 118 of the Decedent Estate Law permits survival of a cause of action against a wrongdoer’s legal representative, even though the wrongdoer has predeceased his victim.* That paragraph, when fairly read, recognizes the survival of a wrongdoer’s potential liability for acts done in his lifetime, on which an action for wrongful death may be brought against his estate representatives if, as and when that action accrues by virtue of the victim’s resulting death.
The legislative history behind the enactment of the second paragraph reveals that it was designed and intended to cover a situation such as this. Its enactment was recommended by the New York State Law Revision Commission (1941 Report of N. Y. Law Rev. Comm., pp. 89-90), when its attention was called to a Massachusetts ruling taking cognizance of the New York State statutes as then existing, to defeat a claim for wrongful death because it had not been shown that the defendant was “ a living person against whom a cause of action could arise” when Silva (the plaintiff) was injured; this for the reason that “If no cause of action has arisen against a living 1 person liable ’ ” there is nothing upon which either of these sections (that is, [New York] Decedent Estate Law, §§ 118-119) can operate (Silva v. Keegan, 304 Mass. 358, 359-360 [1939]). Along with this decision, the Law Revision Commission also noted (1941 Report, pp. 94^-95) that in some other jurisdictions such a cause of action was deemed to arise at the time of the wrong (Kerr v. Basham, 62 S. D. 301 [1934], and, in New Jersey, Ehrlich v. Merritt, 96 F. 2d 251 [C. C. A. 3d., 1938]).
It was this conflict in dealing with a situation which was bound to arise under contemporary conditions of highway travel, and the all too frequent occurrence of accidents causing injuries to persons in the vehicles involved, that demonstrated the need for survival of potential liability beyond the death of the *96 wrongdoer. In other words, it was seen that the fortuitous circumstance of time of death should not be allowed to defeat the rights and remedies usually accruing to the victim of a tortious act or his estate representatives. To employ the language of the commission, its purpose was ‘ ‘ to make clear that under section 118 of the Decedent Estate Law an action against an executor or administrator, for injury to person or property or for wrongful death, is not defeated because the tort-feasor died before the occurrence of such injuries or wrongful death.” (1942 Report of N. Y. Law Rev. Comm., p. 777 n.)
When section 21 is read in light of the second paragraph of section 118, it seems abundantly clear that the Legislature intended that the cause of action envisioned by section 21, including a cause for wrongful death, exists in the sense that it arises from the decedent’s tortious act, even though the action for wrongful death does not actually accrue until the death of the victim; in other words, a suit for wrongful death commenced within the time limitations of section 21 is not affected by the death of the tort-feasor prior in point of time to that of his victim.
The order should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Conway and Judges Desmond, Fuld, Froessel, Van Voorhis and Burke concur.
Order affirmed, etc.

 “ § 118. Actions against executors or administrators for injury to person or property. * * * Where death or an injury to person or property, resulting from a wrongful act, neglect or default, occurs simultaneously with or after the death of a person who would have been liable therefor if his death had not occurred simultaneously with such death or injury or had not intervened between the wrongful act, neglect or default and the resulting death or injury, an action to recover damages for such death or injury may be maintained against the executor or administrator of such person.”