James J. Conroy, J.
This is a motion to confirm the report of the Special Referee.
The attorneys for the defendant appearing specially moved to vacate the alleged service of a summons and complaint upon the defendant pursuant to sections 253 and 254 of the Vehicle and Traffic Law on the ground that the defendant was residing in this State at the time of such service. The attorneys for the plaintiffs, on the other hand, argued that the defendant was a resident of this State at the time the cause of action arose but thereafter left to reside in New Jersey.
The determination of the motion was held in abeyance and the issue of the defendant’s residence was referred to the Special Referee. After a hearing, the Special Referee recommended a finding which is embodied in his report presently before the court that the purported substituted service of process made upon the defendant on August 16, 1961, did not comply with the provisions of sections 253 and 254 of the Vehicle and Traffic Law since it had not been established that the defendant was residing outside this State. This finding is adopted by the court and the report of the Special Referee is confirmed.
On the original motion, the attorneys for the plaintiffs also argued that a prior service of process had been made pursuant to the then sections 52 and 52-a of the Vehicle and Traffic Law by serving the Secretary of State and by sending a copy of the summons and complaint by registered mail to the defendant at an address in New Jersey; that such registered letter was returned unclaimed; that thereafter the summons and complaint and proper notice were sent by regular mail to the defendant at the same address and, through an inadvertence, the summons and complaint, affidavit of service and other necessary papers were not filed. However, the attorneys for the plaintiffs argued a stipulation had been sent to them by the attorneys for the defendant extending the time to answer, appear or otherwise plead; that they crossed out the phrase “ appear or otherwise plead ” contained therein, signed it and mailed it to the attorneys for the defendant and that said stipulation was never rejected. Therefore, they contend, there has been a general appearance by the defendant and the defendant has waived the right to object to the service of the summons and complaint.
Ordinarily, a stipulation entered into by an attorney for a defendant extending the time to answer is a general appearance. However, if such stipulation is entered into without knowledge *118 that the summons and complaint were not properly served, the court may disregard the general appearance so made and permit the defendant to attack the sufficiency of the service. (See Hunt v. Brennan, 1 Hun 213; Braunstein v. Phillips, 115 N. Y. S. 2d 47.)
Not taking into consideration the failure of the plaintiffs to file the necessary papers in connection with the service of the summons and complaint and the fact that the defendant may not have been residing outside the State when such purported service was made, the return of the registered letter marked unclaimed was not sufficient compliance with sections 253 and 254 of the Vehicle and Traffic Law to establish proper service. It is apparent from a reading of the record that the attorneys for the defendant were not aware of such improper service at the time they allegedly entered into the afore-mentioned stipulation with the attorneys for the plaintiffs. In any event, the attempt to make a subsequent service of process on the defendant in August of 1961 would indicate that the plaintiffs abandoned the original attempted service of process.
Accordingly, the motion to set aside the service of the summons and complaint is in all respects granted.