Abraham J. Multer, J.
This is an action to recover damages for personal injuries sustained by plaintiff as a result of the alleged negligence of the defendants, resulting from a collision of two motor vehicles, one owned and operated by the defendant Abraham, and the other owned by the defendant Peninger and *670 operated by the defendant Morrison. The accident occurred in the Village of Sloatsburg, Rockland County, State of New York. The “ Police Accident Report” indicates that the automobile owned by the defendant Peninger and operated by the defendant Morrison bore a Texas license plate registration and gives the address of the defendant Peninger, the owner of the automobile, as 1127 Vine Street, Denton, Texas, and the address of the defendant Morrison, the operator, as 4836 Chises La., El Paso, Texas.
On January 16, 1968, the defendants Morrison and Peninger were served with the summons in this action, pursuant to section 253 of the Vehicle and Traffic Law of the State of New York, by serving a summons on the Secretary of State and by mailing a copy of the summons with a notice of service pursuant to the Vehicle and Traffic Law to each of the defendants by “ registered mail with return receipt requested ’ ’, addressed to each of the defendants at the addresses given in the “ Police Accident Report ”. The affidavit of service of the summons was filed in the office of the clerk of this court on January 19, 1968. It appears that the mail addressed to the defendant Peninger was not delivered and was returned by the United States Post Office with a notation: “Moved Left no address”. The mail addressed to the defendant Morrison was also returned by the United States Post Office with a notation “Unclaimed” and “Addressee unknown ’ ’. The envelopes with the aforesaid notations have not been filed, but have been submitted to the court on the argument of this motion. Proof of service on the Secretary of State has also been submitted.
Not having received any appearance or communication from the defendants, plaintiff’s counsel conducted a further investigation and was thereupon informed that both defendants were in New York City and, accordingly, on March 19,1968, addressed a letter to each of the defendants at 228 West 72nd Street, New York City, enclosing another copy of the summons and informing them of the previous service of process made upon them. Copies of these communications have been submitted to the court on this motion.
Thereafter and on April 24, 1968, the defendants appeared in this action by their attorneys and demanded a copy of the complaint. The complaint was served on May 7, 1968. In their amended answer received on July 8, 1968, the defendants interposed an affirmative defense of lack of jurisdiction of the persons of the defendants Morrison and Peninger, alleging therein that “ the defendants Jesse H. Morrison and John Peninger have *671 not been personally served with the summons and complaint herein ” and “ the defendants Jesse H. Morrison and John Peninger were not otherwise served within or without the State of New York with the summons and complaint herein
Plaintiff moves to strike the affirmative defense as insufficient in law. In opposition to the motion, the defendants claim that the papers submitted by the plaintiff did not establish that the defendants were “ non-residents ” of the State of New York and that plaintiff’s counsel relies solely upon the “ Police Accident Report ”, a copy of which is annexed to the moving papers, which indicates that the ‘1 address ’ ’ of each defendant at the time of the accident was in Texas.
Section 253 of the Vehicle and Traffic Law provides in part as follows: ‘ ‘ Service of such summons shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of five dollars, and such service shall be sufficient service upon such non-resident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested.”
In the opinion of the court, nothing to the contrary having been submitted by the defendants, there is here a presumption that the “ address ” of the defendants given in the “ Police Accident Report ” was also the residence of the defendants and that it was given to the police by the defendants and that, accordingly, the defendants were “ non-residents ” within the meaning of section 253 of the Vehicle and Traffic Law.
Furthermore, it has been held that a nonresident motorist who at the time of the accident gives an improper address is estopped from claiming service pursuant to the Vehicle and Traffic Law to be insufficient to confer jurisdiction, when the mail was returned by the Post Office with the notation “No such address -“ Unknown ” (Greenwood v. White, 25 A D 2d 73).
In the instant case, effective service was made on each defendant by service upon the Secretary of State and by mailing by registered mail, return receipt requested, at the “ address ” given by the defendants in the “ Police Accident Report ”.
The motion to strike the affirmative defense pleaded in paragraphs 6, 7, 8 and 9 of the amended answer is granted. The order entered on this motion shall provide for the filing of all of the exhibits submitted on this motion. Settle order on notice.