James H. Boomer, J.
Service of the summons was made upon the defendant under subdivision 2 of CPLR 308 by leaving -it with a person of suitable age and discretion at defendant’s former dwelling place in Brooklyn, New York, and defendant moves to dismiss this action on the ground that the court does not have jurisdiction of his person. The .question to be answered is whether, under the circumstances of this case, the defendant is estopped from denying that he residéd in Brooklyn, New York at the time of service.
The action arises out of an automobile' accident in which Sean Connelly was injured and Sharon Ann Connelly was killed when the automobile in which they were riding collided, in the Province of Ontario, Canada, with the automobile owned and driven by the defendant. Both Sean and Sharon were residents of the State of New York and the defendant claims to be.a resident of Canada. At the time of the accident, on September 1, 1972, the defendant’s automobile bore New York State license plates and he possessed a New York State driver’s license and motor vehicle registration certificate, both noting his address as one in Brooklyn, New York. On the accident report prepared by the Ontario Provincial Police, the defendant’s address, was also listed as being in Brooklyn, New York. Service of the summons was made upon the defendant by leaving it with a receptionist at the address in Brooklyn, Ne'gr York noted on the driver’s license, automobile registration certificate, and police accident report, -arid by mailing it to the defendant at his present address in Canada.
Defendant, a citizen of the Republic of Colombia, has submitted facts proving that on July 28, 1972, two months befóte the accident, he changed his place of residence from Brooklyn, New York, to Hull in the Province of Quebec, Cariada.
On June 30, 1970, defendant, a medical school graduate, was issued a visa to leave his native country* the Republic of Colombia, to visit the United .States to enter training as a *747 physician at the Lutheran Medical .Center in Brooklyn, New York. While in the United States he lived at the Lutheran Medical Center and he obtained a New York State driver’s license and a New York State registration for his automobile, both of which listed the medical center in Brooklyn as his address. He terminated his employment with the center and' on June 23, 1972, he obtained a visa to enter Canada. Ón June 28, 1972, he arrived in Canada, as shown on the Canada entry record, for the purpose of taking a residency in orthopedics at Ottawa General Hospital. He maintained no further ties with New York State after he left the Lutheran Medical Center.
It is apparent that Brooklyn, New York was not the “ dwelling place or usual place of abode ” (CPLR 308, subd. 2) of the defendant at the timé service was attempted upon him by leaving the summons with the receptionist at the Lutheran Medical Center. Service upon him under subdivision 2 of section 308 was, therefore, improper (Todd v. Todd, 51 Misc 2d 94) unless, as plaintiffs claim, the defendant is estopped from denying that the Lutheran Medical Center in Brooklyn, Néw York, was at the time of service, his “ dwelling place or usual place of abode.” . 1
In support of the theory of estoppel, plaintiffs cité cases holding that á defendant who gives a wrong address to the officers investigating, an accident is later estopped by his conduct from setting aside service under section 52 (now § 253) of the Vehicle and Traffic Law where the plaintiff is unable* to file a return receipt for the mailing of the summons to that address (Greenwood v. White, 25 A D 2d 73;. Ingber v. Morrison, 57 Misc 2d 669). I determine that the. holdings in those cases do not extend to the facts here involved.
“An. equitable estoppel rests largely on the facts and circumstances of the particular case; consequently,"any attempted' definition usually amounts to no more than a declaration of an estoppel under those facts and circumstances.” (21 N. Y. Jur., Estoppel, Ratification and Waiver, § 15). “ To constitute- an estoppel the one party must, have been misled by the attitude of the other into a position withdrawal from which would cause injury or hardship.” (Niagara Falls Int. Bridge Co. v. Grand Truck Ry. Co. of Canada, 212 App. Div. 705, 710, mod. 241 N. Y. 85). “ One of the indispensable elements of an equitable estoppel is that the change in the position of the party who asserts the estoppel will be prejudicial to him in a material way if the estoppel is denied,” (21 N. Y. Jur., Estoppel, *748 Ratification and Waiver, § 68). “ Be that as it may, in order to avail itself of an estoppel, the plaintiff must show prejudice.” (Awad & Co. v. Pillsbury Mills, 9 A D 2d 870; see, also, Village of Chester v. Kantod Park Assn., 13 A D 2d 709; Glenesk v. Guidance Realty Corp., 36 A D 2d 852, 853).
Here, there is no showing of material prejudice or injury to the plaintiffs. Where a driver involved in an automobile accident gives a fictitious address to the police and thereafter cannot be readily located for service, prejudice will result unless substituted service can be made in reliance upon the address given. But where, as here, there is no showing that the driver is avoiding service and cannot readily be located, then there is no prejudice to the plaintiffs. The plaintiffs here do not claim that the defendant did not give a forwarding address when he moved to Canada and that the officials at the Lutheran Memorial Hospital did not know where he had gone to resume his training. In fact, on the same day the process server left the summons with the receptionist at the hospital in Brooklyn he also mailed a copy to the defendant at his new address in Canada.
It seems to me that it is incumbent upon a process server, when serving a summons under subdivision 2 of CPLR 308, to ascertain if the person to be served has moved from the premises, and if he has, then an estoppel should not arise unless that person cannot readily be located.
In Greenwood v. White (25 A D 2d 73, supra) the willful act of the defendant in giving a fictitious address to the police officers deprived the plaintiff of his right to serve the defendant as a nonresident motorist under section 52 of the Vehicle and Traffic Law. Here, there is no showing that the defendant’s failure to change his address on his registration certificate and driver’s license was willful or that he was seeking to avoid service by concealing his whereabouts. Nor is there any showing that the plaintiffs were prejudiced thereby;
“ The concept of jurisdiction over the^ person entails two distinct ideas: (1) a basis for jurisdiction; and (2) fair notice to the defendant.” (McKinney’s Cons. Laws of N. V., Book 7B, CPLR 308, Practice Commentary, C 380: 4). In Greenwood (supra) the fact that the accident occurred in New York State established the basis for jurisdiction and the court was only concerned with fair notice to the defendant. It held that he could not complain of lack of fair notice because of his willful action in- giving a wrong address. . There, the plaintiff was injured by the defendant’s misrepresentation of his address since *749 plaintiff thereby was deprived of his right to serve the defendant under former -section 52 of the Vehicle and Traffic Law. Here, defendant does not complain of lack of fair notice. He admits he did receive the summons and complaint mailed to him in Canada. He contends that there is no basis for jurisdiction over him in the New York courts since the accident occurred outside of New York State and he had no ties with New York State at the time of the accident. Under these circumstances the plaintiffs had no right to sue the defendant in the New York courts and the fact that the defendant failed to note Ms Qhange of address could not deprive the plaintiffs of a right they never had. “ The doctrine [of estoppel] is higHy equitable in its nature, and is never available to enable a ptiarty to gain an advantage, upon the unfounded ground that he has been defrauded.” (Jewett v. Miller, 10 N. Y. 402, 407). Here, the plaintiff is attempting to use the doctrine of estoppel, not for the purpose of rectifying an injury, but for the purpose of gaining an advantage. This he may not do.