OPINION OF THE COURT
Bentley Kassal, J.
ISSUES
This motion to dismiss, for lack of personal jurisdiction, raises two interesting issues:
1. Did the stipulation by defendant’s attorney, only extending the time to answer (not to move, etc.), constitute an appearance and thereby a waiver of objections to jurisdiction? and
2. Does the doctrine of equitable estoppel preclude defendant from denying personal jurisdiction because of claimed representations by him to plaintiff’s counsel, with respect to the proper party to be served?
FACTS
This is a wrongful death action. Decedent died on December 9, 1975, allegedly as a consequence of negligence in an operation performed by Dr. Emanuel Klempner, in 1973. Dr. Klempner died on November 9, 1975, predeceasing plaintiff’s decedent by one month.
Plaintiff attempted to serve Klempner’s estate representa *821 tive by substituted service upon Frances T. Klempner, his widow and purported administratrix, on October 7, 1977. However, it appears that Mrs. Klempner had died on June 9, 1976. Hence, defendant claims plaintiff has failed to obtain personal jurisdiction over Dr. Klempner’s estate.
Plaintiff contends that defendant’s counsel, having executed three stipulations with plaintiffs attorney, solely extending defendant’s time to answer, has made an “appearance” as defined in CPLR 320 (subd [a]) and, in so doing, has waived the defense of lack of personal jurisdiction. Furthermore, plaintiffs counsel alleges that “sometime after September 7, 1977” this defendant’s counsel informed him that Frances T. Klempner, as the widow, was the administratrix of the estate, upon which information plaintiff relied in attempting to serve her. Plaintiff therefore claims defendant is equitably estopped from asserting this defense, lack of personal jurisdiction.
DECISION
(1) Effect of Stipulation to extend time to answer upon defense of lack of personal jurisdiction
There are four methods by which a defendant, not subject to the personal jurisdiction of the court, may waive such a defense by making an "appearance”: (1) serving an answer; (2) entering a notice of appearance; (3) making a motion which extends the time to answer; and (4) by informal appearance. (CPLR 320, subd [a].)
The authorities are divided, and no appellate authority exists, on the question of whether a stipulation to extend the time to answer acts as an “appearance”. (Cf. Renwal Prods. v Kleen-Stik Prods., 43 Misc 2d 645; Developers Small Business Inv. Corp. v Puerto Rico Land & Dev. Corp., 42 Misc 2d 23, stipulation extending time to answer is not an “appearance” with Capuano v Zolla, 10 Misc 2d 96; Aloisi v Deaton, 34 Misc 2d 116, stipulation extending time for answer is an "appearance”.)
For the purposes of the present motion, the court need not resolve this conflict for the reasons discussed below.
If a stipulation to extend the time to answer is considered an “appearance” under CPLR 320, such an “appearance” does not preclude the defense of lack of personal jurisdiction being asserted in the answer. CPLR 320 (subd [b]) states: "an appearance of the defendant is equivalent to personal service of *822 the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 [lack of personal jurisdiction] is asserted by motion or in the answer”. (Emphasis supplied.)
CPLR 320 (subd [b]) was amended in 1964 by substituting "by motion or in the answer”, after "asserted”, for "at the time of appearance”. (Tenth Ann Report of NY Judicial Conference, 1965, Proposal No. 1, p 340.) Prior to the 1964 amendment an "appearance” by the defendant was equivalent to personal service unless at the time of the appearance an objection to jurisdiction was asserted by motion or by answer. Before this amendment, if the defendant failed to interpose the objection at the time of appearance, this constituted a waiver of the jurisdictional defense.
In proposing the 1964 amendment, the Judicial Conference Report stated "The requirement that an objection to jurisdiction of the person must be asserted 'at the time of the appearance’ in order to be effective is inconsistent with rule 3211(e) and may prove a trap for the unwary. In order to avoid such an unintended result the proposed change should be made.” (Tenth Ann Report of NY Judicial Conference, 1965, pp 334-335.)
Therefore, the stipulations to extend the time to answer, even if they be an "appearance” under CPLR 320, do not constitute a waiver of defendant’s CPLR 3211 (subd [a], par 8) objection because defendant is now permitted to interpose this jurisdictional defense in his answer although not asserted as a defense at the time of appearance.
(2) Equitable Estoppel
Plaintiff further claims that defendant is equitably estopped from raising the defense of lack of personal jurisdiction because defendant’s counsel made certain representations to him which he relied upon in attempting substituted service. Defendant’s counsel denies this.
The essential elements which a party asserting estoppel must prove are: (1) lack of knowledge and means of knowledge of the truth as to the facts in question; (2) his good faith; (3) his reliance upon the words or conduct of the party to be estopped; and (4) action by him based thereon of such a character as to change his position prejudicially. (21 NY Jur, Estoppel, Waiver and Ratification, § 60.)
An indispensable element of equitable estoppel is prejudicial *823 change in position in a material way. (Connelly v Rodriquez, 73 Misc 2d 745.) In the present action, plaintiff contends that defendant’s alleged representation as to whom to serve has caused plaintiff to be materially prejudiced in that the Statute of Limitations for wrongful death has expired.
Plaintiff’s claim of prejudice, however, is unwarranted because the Statute of Limitations for the wrongful death action has not run and will not until May 9, 1979.
Pursuant to EPTL 5-4.1 the Statute of Limitations for wrongful death is, in the first instance, two years from the date of decedent’s death, or December 9, 1975. However, CPLR 210 (subd [b]) (death of person liable) states "The period of eighteen months after the death, within or without the state, of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator.” Therefore, CPLR 210 (subd [b]) tolls the Statute of Limitations when the defendant dies (here November 9, 1975), and it resumes running 18 months thereafter. The net effect of the statute is to tack 18 months onto applicable Statute of Limitations EPTL 5-4.1 (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 210:2, p 284). In McDonough v Cestare (3 AD2d 201) the Appellate Division expressly held that section 21 of the Civil Practice Act (the predecessor of CPLR 210, subd [b]) extended the time for the commencement of wrongful death action by 18 months.
As to the possible argument that CPLR 210 (subd [b]) is inapplicable here, Gibson v Meehan (7 NY2d 93, 96) holds that "a suit for wrongful death commenced within the time limitations of section 21 [CPLR 210, subd (b)] is not affected by the death of the tort-feasor prior in point of time to that of his victim.”
Applying EPTL 5-4.1 and CPLR 210 (subd [b]) to the instant matter indicates that the Statute of Limitations will not expire until May 9, 1979. Accordingly, plaintiff’s claim of equitable estoppel must be denied since he is in no way prejudiced and has ample time to effect proper personal service.
Motion to dismiss pursuant to CPLR 320 and 3211 (subd [a], par 8) granted.