■ MAUREEN NARDI et al., Appellants-Respondents, v DAVID M. HIRSH et al., Respondents-Appellants, and DAVID M. HIRSH, M.D., P. C., Respondent, et al., Defendants. [666 NYS2d 607] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered September 30, 1996, which, in a medical malpractice action, granted defendants' motion for summary judgment insofar as made on behalf of defendant David M. Hirsh, M.D., P. C., and denied such motion insofar as made on behalf of defendants David M. Hirsh, M.D. and University Orthopaedic Specialty Associates, (University Associates) unanimously modified, on the law, to reinstate the complaint as against defendant David M. Hirsh, M.D., P. C. (Hirsh, P. C.), and otherwise affirmed, without costs.

The IAS Court correctly held that plaintiffs' failure to file proof of service of the summons and complaint within 120 days of the filing of the summons and complaint was of no jurisdictional consequence as to defendants Dr. Hirsh and University Associates, who, by way of a stipulation extending their time to answer or move, appeared within such 120-day period (CPLR 306-b [a]; *see, Capuano v Zolla*, 10 Misc 2d 96; *Aloisi v Deaton*, 34 Misc 2d 116, 117). We also agree with the IAS Court that issues of fact exist as to whether University Associates assumed the prior tort liabilities of its principal Dr. Hirsh and that disclosure is otherwise needed as to the nature of their re-

lationship. Concerning the claim against defendant Hirsh, P. C., which was dismissed because the amended summons and complaint naming it were never filed, we address plaintiffs' argument that the relation back doctrine of CPLR 203 (b) applies to save such claim, even though raised for the first time on appeal (*see, Chateau D'If Corp. v City of New York,* 219 AD2d 205, 209-210, *lv denied* 88 NY2d 811), and agree that it does. It is clear that the claims against Dr. Hirsh and Hirsh, P. C. arise out of the same course of treatment, that as the principal of Hirsh, P. C., Dr. Hirsh was at all times united in interest with the former, " 'such that they stand or fall together and that judgment against one will similarly affect the other' " (*Connell v Hayden,* 83 AD2d 30, 40, quoting *Prudential Ins. Co. v Stone,* 270 NY 154, 159), and that Hirsh, P. C. knew, or should have known, that but for a mistake, the action would have been brought against it (*see, Buran v Coupal,* 87 NY2d 173, 178). Furthermore, since the " 'linchpin' " of the relation back doctrine is notice to the defendant within the applicable limitations period (*supra,* at 180), and since, under CPLR 306-b (a), service of process can be made as much as 120 days after expiration of the limitations period, we hold that the relation back doctrine applies where, as here, the added party received notice of the claim against it within the limitations period plus 120 days. Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.