■ MAUREEN NARDI et al., Appellants, v DAVID M. HIRSH et al., Defendants, and RICHARD MEMOLI et al., Respondents. [672 NYS2d 334] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 24, 1997, which, as limited by plaintiff's brief, granted the motion of defendants Richard Memoli, M.D., and Richard Memoli, M.D., P. C., for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On September 21, 1989, Dr. David M. Hirsh and Dr. Richard Memoli performed surgery on plaintiff wife Maureen Nardi's right knee at Westchester Square Hospital. Plaintiff's last postoperative visit to Dr. Memoli was on July 18, 1990. The history, or "procedural quagmire," as characterized by the IAS Court, of plaintiffs' subsequent attempt to sue defendants in

connection with the surgery is the heart of the matter on appeal, and the material facts are not in dispute. After apparently abandoning a first attempt to bring an action in March 1992 (the specifics of which are not relevant to this appeal), plaintiffs commenced the instant action sounding in medical malpractice and lack of informed consent on December 3, 1992, by the filing of a summons and complaint, naming as defendants Dr. David Hirsh, University Orthopaedic Specialty Associates, Dr. Richard Memoli and Westchester Square Hospital. These defendants were not served prior to the expiration of the Statute of Limitations (January 18, 1993).

Thereafter, on or about March 8, 1993, plaintiffs served a summons and amended verified complaint, which added defendants Dr. Hirsh, M.D., P. C., Dr. Memoli, M.D., P. C., and Dr. Neil Cobelli, and deleted the previously-named defendant hospital. This summons and amended verified complaint had no index number and were not filed with the court, and plaintiffs did not seek leave to amend the caption of their original papers or serve the amended pleading naming additional defendants.

On or about March 25, 1993, the Memoli defendants (Dr. Memoli and Memoli, P. C.), the appellants in the matter before us, served a verified answer to the amended complaint. By this answer, they admitted treating plaintiff from January 1989 until July 18, 1990 and raised the affirmative defense of the Statute of Limitations. In November 1995, plaintiff wife was deposed. A year later, in November 1996, appellants moved for summary judgment on the ground that this action had not been timely or properly commenced. Plaintiffs cross moved for an order deeming the summons and amended verified complaint filed nunc pro tunc as of December 3, 1992, and permitting them to file and serve a second verified amended complaint alleging that appellants' treatment of plaintiff wife ended on November 19, 1990.

By written decision dated January 6, 1997, the IAS Court granted appellants' motion and dismissed the complaint as against them. First, the court observed that because the last date of treatment was July 18, 1990, the 2½ year Statute of Limitations for medical malpractice actions pursuant to CPLR 214-a had expired on January 18, 1993. The court then found that the Memoli defendants had not been given notice of the pendency of this action until March 8, 1993, after the expiration of the Statute of Limitations, and that in any event, that notice had been "in the form of a defective pleading." That is, according to the court's reasoning, the amended complaint was

defective for failure to file it, while the original complaint, which was filed but not served, failed to provide notice to either Memoli defendant. The court denied plaintiffs' application to deem the amended complaint timely filed nunc pro tunc as "tantamount to an application to extend the statute of limitations". Finally, the court rejected the allegation that Dr. Memoli's treatment of plaintiff had extended beyond July 18, 1990, the date of plaintiff wife's last post-operative visit.

We find that the IAS Court erred in granting summary judgment and dismissing the complaint as to appellants and turn first to the disposition of a prior, similar motion by the Hirsh defendants (Dr. Hirsh and Hirsh, P. C.).

On the Hirsh motion, decided September 24, 1996, the IAS Court granted summary judgment only to the extent of dismissing the complaint as to Hirsh, P. C., and Dr. Cobelli, both named for the first time in the amended complaint of March 8, 1993. In its decision, the IAS Court stated that the action was commenced against the four original defendants with the filing of the summons and complaint on December 3, 1992, and that, although proof of service as to those four defendants had never been filed, they had appeared and answered that complaint. That appearance within 120 days of the filing, the court correctly noted, "vitiate[d] the plaintiff's failure to file proof of service of the complaint, or of the amended complaint" (CPLR 306-b [a]). Thus, as to defendant Dr. Hirsh personally, the motion to dismiss was denied. However, as to Hirsh, P. C., the court granted the motion on the ground that the summons and amended complaint, naming Hirsh, P. C., for the first time, had never been filed—and thus never commenced—and therefore the Statute of Limitations had long expired. The court declined to grant plaintiffs' application to declare the March 8th complaint filed nunc pro tunc because such declaration would effectively extend an expired Statute of Limitations period.

Upon review, we modified the order of the IAS Court (*Nardi v Hirsh*, 245 AD2d 205). We affirmed the denial of summary judgment as to Dr. Hirsh individually and reversed summary judgment as to Hirsh, P. C. We concluded that, as plaintiffs urged, the relation back doctrine of CPLR 203 (b) applied to save the claim against Hirsh, P. C. This doctrine enables a plaintiff to correct a pleading error by allowing "a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes" (*Buran v Coupal*, 87 NY2d 173, 177), so long as the two defendants are "united in interest" (CPLR

203 [b]). We determined the relation back doctrine clearly applied to Hirsh, P. C., in light of the fact that "the claims against Dr. Hirsh and Hirsh, P. C. arise out of the same course of treatment, that as the principal of Hirsh, P. C., Dr. Hirsh was at all times united in interest with the former, ' "such that they stand or fall together and that judgment against one will similarly affect the other" ' (*Connell v Hayden*, 83 AD2d 30, 40, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159), and that Hirsh, P. C., knew, or should have known, that but for a mistake, the action would have been brought against it (*see, Buran v Coupal*, 87 NY2d 173, 178)." (*Nardi v Hirsh, supra*, at 206.) Moreover, we found that the doctrine was applicable despite the fact that the argument was raised for the first time on appeal, in view of the sufficiency of the record and the fact that the issue was determinative (*Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209-210, *lv denied* 88 NY2d 811).

For precisely the same reasons, summary judgment against the Memoli defendants should have been denied. Indeed, it is not apparent why, in the first instance, the IAS Court treated the Memoli defendants any differently than the Hirsh defendants insofar as summary judgment was concerned, given that they are in all material respects identically situated.

Thus, we find that, just as the IAS Court properly denied summary judgment as to Dr. Hirsh personally, summary judgment should also have been denied as to Dr. Memoli because he appeared in the action by serving an answer within 120 days of the filing, despite the lack of proof of service (CPLR 306-b [a]; *see, Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 720, n 2; *Cerrito v Galioto*, 216 AD2d 265). Moreover, the amended complaint conforms in all important respects to the original (*Matter of Gershel v Porr*, 89 NY2d 327, 332). As to Memoli, P. C., the relation back doctrine applies for the same reasons we found it applicable to defendant Hirsh, P. C. Finally, defendants have waived any claim of a defective filing because they failed to reject the defective pleadings (*Nassau County v Incorporated Vil. of Roslyn*, 182 AD2d 678, 679, *lv dismissed* 80 NY2d 972) and proceeded to litigate the matter on the merits for 3½ years before bringing the summary judgment motion on this ground (*see, e.g., Dorfman v Zelik*, 240 AD2d 619; *Weinstein v Corwin*, 239 AD2d 125). Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.