## Round Hill Music, LP v Simmons

2024 NY Slip Op 30481(U)

February 13, 2024

Supreme Court, New York County

Docket Number: Index No. 656498/2022

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | <u>**HON. GERALD LEBOVITS**</u> | **PART** | **07** |
| | *Justice* | | |

---------------------------------------------------------------------------------X

ROUND HILL MUSIC, LP, ROUND HILL MUSIC ROYALTY
FUND II LP, and ARTISTS RIGHTS MANAGEMENT LLC,

                           Plaintiffs,

                   - v -

BOBBY RAY SIMMONS and BOBBY RAY TOURING, INC.,

                           Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>656498/2022</u> |
| **MOTION DATE** | <u>11/28/2023, 01/19/2024</u> |
| **MOTION SEQ. NO.** | <u>001 002</u> |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 22

were read on this motion for        <u>       DEFAULT JUDGMENT       </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18, 19, 20, 21

were read on this motion for        <u>       DISMISSAL       </u>.

*Boies Schiller Flexner LLP*, New York, NY (Joshua I. Schiller and Benjamin Margulis of counsel), for plaintiffs.
*Fox Rothschild LLP*, New York, NY (Paul N. Bowles III of counsel), for defendants.

Gerald Lebovits, J.:

     This is an action arising from a contractual dispute between the parties about musical royalty payments. On motion sequence 001, plaintiffs have moved for default judgment under CPLR 3215. (*See* NYSCEF No. 6.) On motion sequence 002, defendants have moved to dismiss under CPLR 3012 (b) for failure to serve and file a complaint. (*See* NYSCEF No. 17.)

     Plaintiffs' motion was originally submitted without opposition. The court granted the motion on that basis (*see* NYSCEF No. 22), without taking into account that defendants had later filed opposition papers and also moved to dismiss (*see* NYSCEF Nos. 15 [opposition], 17 [notice of motion]. The court now concludes that the default-judgment motion warrants a second look, considering the opposition and reply papers and defendants' dismissal motion. The prior grant of default judgment is vacated. The two motions are consolidated here for disposition. Each motion is denied.

[* 1]

## DISCUSSION

### I.       Defendants' CPLR 3012 (b) Dismissal Motion (Mot Seq 002)

Because a decision on the dismissal motion could control whether a default judgment can (or should) be granted, the court considers that motion first.

Plaintiffs commenced this action by filing of a summons with notice, rather than by filing a summons and complaint. (*See* NYSCEF No. 1; CPLR 304 [a].) The detailed summons satisfies the requirements of CPLR 305 (b). (*See* NYSCEF No. 1 at 2-3.) Eleven months after filing and serving the summons with notice,[1] plaintiffs e-filed a complaint (and thus also served it electronically through NYSCEF). Defendants move to dismiss the complaint on the ground that plaintiffs failed to serve it within the deadlines set by CPLR 3012 (b).

When, as here, an action is begun by summons with notice, there are two scenarios in which CPLR 3012 (b) imposes a 20-day deadline to serve the complaint. *First*, if the defendant serves a written demand for the complaint before the applicable appearance deadline set by CPLR 320 (a), then plaintiff must serve the complaint on defendant within 20 days after defendant's service of the demand. *Second*, if defendant serves a notice of appearance, but does not demand the complaint, plaintiff must serve the complaint within 20 days after service of the notice of appearance.[2] If one of these two deadlines applies, and plaintiff does not then timely serve the complaint, the court may, on motion, dismiss the action. (*See* CPLR 3012 [b].) If, on the other hand, defendant neither serves the demand nor appears, plaintiff's time to serve a complaint does not begin to run, and dismissal under CPLR 3012 (b) is improper. (*See Howard B. Spivak Architect, P.C. v Zilberman*, 59 AD3d 343, 344 [1st Dept 2009].)

Here, it is undisputed that defendants served neither a demand for the complaint nor a notice of appearance. At most, they stipulated to accept service of the summons with notice and to extend their time to respond to that summons. (*See* NYSCEF No. 3.) Plaintiffs e-filed a complaint seven months after filing of the fully executed stipulation. (*See* NYSCEF No. 4.) The question thus arises whether that stipulation constituted an appearance by defendants for CPLR 3012 (b) purposes—and, if so, whether plaintiffs' action should be dismissed for failure to serve their complaint timely.

### A.  Whether CPLR 3012 (b)'s Service Deadlines Apply

As CPLR 3012 (b) reflects, a party ordinarily appears by service of a formal notice of appearance. But longstanding precedent reflects that a party may also appear "informally" through other litigation-related conduct. (*See Parotta v Wolgin*, 245 AD2d 872, 873 [3d Dept 1997], citing *Cohen v Ryan*, 34 AD2d 789, 790 [2d Dept 1970].) A defendant's execution of a

---

[1] Plaintiffs did not file an affidavit of service of the summons with notice. But defendants stipulated to accept service and waived any challenge to the validity of service of that document. (*See* NYSCEF No. 3 at ¶¶ 1, 4.)

[2] Service of a demand for the complaint does not itself constitute an appearance. (CPLR 3012 [b].)

2

[* 2]

stipulation extending the time to appear constitutes an informal appearance. (*See Nardi v Hirsh*, 245 AD2d 205, 205 [1st Dept 1997]; *see also Cohen*, 34 AD2d at 790 [holding that a letter from defendant to plaintiff *requesting* an extension of time to respond constitutes an informal appearance]; *accord CAC Atlantic LLC v Sandler-Sims*, 2023 NY Slip Op 32642[U], at *2 [Sup Ct, NY County 2023] [Stroth, J.] [holding that a stipulation extending defendant's time to answer or appear constitutes an appearance triggering plaintiff's CPLR 3012 [b] obligation to serve the complaint within 20 days].)

Plaintiffs argue that the stipulation did not constitute an appearance because it preserved defendants' right to challenge this court's personal jurisdiction over them. (*See* NYSCEF No. 20 at ¶¶ 24-25.) Plaintiffs assert that "[t]o make an appearance a defendant must either confer personal jurisdiction on the court or raise an appropriate challenge to the court's jurisdiction," such that the stipulation, which did neither, "cannot therefore constitute an appearance." (*Id.* at ¶ 26.) This assertion misconstrues the jurisdictional implications of a defendant's appearance in an action.

An appearance by a defendant, whether formal or informal, does not necessarily waive any jurisdictional objection that the defendant may wish to assert, as long as those objections are then timely raised in a responsive pleading or motion. CPLR 320 (b) expressly provides that an appearance by the defendant is equivalent to receiving personal service of the summons, *unless* the defendant then raises a CPLR 3211 (a) (8) objection to jurisdiction in the answer or a motion to dismiss.[3] (*See Al-Dohan v Kouyoumjian*, 93 AD2d 714, 715-716 [1st Dept 1983] [explaining that because objections to personal jurisdiction may be raised in a timely answer or motion to dismiss, "the failure to interpose a jurisdictional objection at the time an appearance is required under CPLR 320 is not controlling"].) This is true whether the defendant's appearance is formal or informal. (*See Rubino v City of New York*, 145 AD2d 285, 289 [1st Dept 1989] ["The defenses of personal jurisdiction and the statute of limitations, available to a defendant who appears informally, must be timely asserted, just as in a formal appearance, or they are otherwise waived."]; *accord U.S. Bank N.A. v Smith*, 210 AD3d 725, 726 [2d Dept 2022] [same].)

To be sure, some acts by a defendant that will constitute an informal appearance will *also* thereby waive jurisdictional defenses—*e.g.*, if those acts manifest an acceptance of the court's jurisdiction and an intent to litigate the merits. (*See Taylor v Taylor*, 64 AD2d 592, 592 [1st Dept 1978]; *accord JPMorgan Chase Bank, N.A. v Lee*, 186 AD3d 685, 686-687 [2d Dept 2020].) But defendants do not necessarily "effect[] a relinquishment of their jurisdictional defense" whenever they informally appear. (*Parotta*, 245 AD2d at 837; *accord Bayview Loan Servicing, LLC v Zelyakovsky*, 202 AD3d 738, 741 [2d Dept 2022] [holding that plaintiff "failed to establish that the defendants waived the defense of lack of personal jurisdiction by informally appearing"].)

---

[3] Indeed, as initially enacted in 1962, CPLR 320 (b) included language requiring the jurisdictional objection to be raised by answer or motion "at the time of appearance." The Legislature amended this provision in 1964 to strike that requirement. (*See Balassa v Benteler-Werke A.G.*, 23 AD2d 664, 664-665 [2d Dept 1965]; *Baker v Lesnick*, 96 Misc 2d 819, 821-822 [Sup Ct, NY County 1978].)

3

Plaintiffs contend that the Appellate Division, First Department, decision in *Nardi v Hirsh* establishes the connection between appearances and jurisdiction for which plaintiffs contend. (*See* NYSCEF No. 20 at ¶ 23.) This contention overreads *Nardi*. Plaintiffs are correct that in that case, the Court held that "plaintiffs' failure to file proof of service of the summons and complaint within 120 days of the filing of the summons and complaint was of no jurisdictional consequence" because defendants had informally appeared through executing a stipulation. (*Nardi*, 245 AD2d at 205.) Crucially, though, this decision addressed the prior version of CPLR 306-b, under which plaintiffs were required within 120 days of commencement both to serve and file proof of service, on pain of *automatic* dismissal without prejudice. (*See* L 1992, ch 216, § 7 [enacting this version of the statute]; *Cerrito v Galioto*, 216 AD2d 265, 266 [2d Dept 1995] [construing the statute].) In construing this stringent requirement, the Appellate Division held that an appearance by the defendant within the 120-day period would waive any jurisdictional objection grounded in plaintiff's failure to file proof of service. (*See Nardi*, 245 AD2d at 205; *Cerrito*, 216 AD2d at 266.) That principle, however, does not entail a conclusion—then or now—that an informal appearance would necessarily waive *all* jurisdictional objections, as plaintiffs would have it.

In short, defendants' execution of a stipulation extending their time to appear constituted an (informal) appearance in this action for purposes of CPLR 3012 (b), regardless of that stipulation's preservation of jurisdictional defenses.[4] Plaintiffs undisputedly did not file their complaint until seven months after filing the executed stipulation. Plaintiffs' complaint was untimely within the meaning of CPLR 3012 (b).

## B. Whether Plaintiffs' Failure to Meet CPLR 3012 (b)'s Service Deadlines Warrants Dismissing the Action

Defendants contend that given plaintiffs' untimely filing of a complaint, the action should be dismissed. This court disagrees.

After plaintiffs filed their complaint in April 2023, defendants did not serve and file a notice of rejection, or serve and file an answer containing a CPLR 3012 (b) defense. Instead, defendants waited until January 2024—nine months later—to bring their current dismissal motion. That lengthy delay constituted a waiver of defendants' right to object to the untimeliness of the complaint. (*See Andrew F. Capoccia, P.C. v Brognano*, 132 AD2d 834, 836 [3d Dept 1987] [reversing dismissal of complaint based on defendants' delay in rejecting complaint for failure to comply with conditional order of dismissal]; *accord Marin Constr. Corp. v 62 Holding Corp.*, 87 AD2d 547, 548 [1st Dept 1982] [reversing default judgment in defendant's favor on counterclaims, because "defendant's acceptance and retention of plaintiff's reply [to counterclaims] for approximately ten months prior to its motion for summary judgment can be deemed to constitute a waiver of [defendant's] right to complain about the late service"]; *cf. Manhattan King David Restaurant, Inc. v Nathanson*, 269 AD2d 297, 297 [1st Dept 2000] [holding that defendants' "retention of the complaint was not a waiver of the untimely service"

---

[4] For this reason, there is no merit to plaintiffs' contention that defendants defaulted with respect to the summons with notice. (*See* NYSCEF No. 16 at ¶ 6.)

[* 4]

for CPLR 3012 [b] purposes, "at least where their motion to dismiss was made only some three weeks after receiving the complaint in the mail"].)

There is no merit to defendants' assertion that the complaint was not properly served on them. The Chief Administrative Judge has promulgated an administrative order, pursuant to authority conferred by statute and regulation, making New York County a mandatory e-filing jurisdiction.[5] (*See* Administrative Order AO/040/19 [Jan. 18, 2019]; 22 NYCRR 202.5-bb [a] [1].) The Uniform Rules governing mandatory e-filing cases provide that only the *initiating documents* in this action must be served under CPLR article 3. (*See* 22 NYCRR 202.5-bb [b] [3].) The initiating document in this action was the summons with notice. (*See* NYSCEF No. 1; CPLR 304 [a].) The rules require "filing and service of all documents" in the action thereafter to be made "by electronic means." (22 NYCRR 202.5-bb [c] [1].) As discussed above, defendants executed a stipulation in September 2022 acknowledging the validity of service of the summons with notice and obtaining an extension of their time to respond to the summons. (*See* NYSCEF No. 3.) That stipulation would have put defendants on notice not only of this action, but also of plaintiffs' potential filing of a complaint. This court therefore agrees with plaintiffs (*see* NYSCEF No. 20 at ¶ 32) that defendants waived their objection to the untimeliness of the complaint by not rejecting or responding to the complaint earlier.

Defendants' motion to dismiss is denied.

## II. Plaintiffs' Default-Judgment Motion (Mot Seq 001)

On motion sequence 001, plaintiffs move for default judgment. The motion is denied.

**1.** As an initial matter, defendants argue that plaintiffs have, in effect, estopped themselves from obtaining default judgment. This court is not persuaded that it should determine the motion on this ground.

Plaintiffs' opening papers on the motion state that "should Defendant wish to serve a later answer, Plaintiff will accept same and litigate the matter on the merits." (NYSCEF No. 7 at ¶ 32.) Defendants argue that after plaintiffs briefed the motion, defendants filed an (untimely) answer. And they contend that this court should deny the motion "[i]n view of Plaintiffs' sworn concession that they will accept" the answer and "proceed with litigating on the merits." (NYSCEF No. 15 at ¶ 7.) In reply, plaintiffs point out that defendants' opposition was filed well after the return date of the motion; and they contend that the language in their papers on which defendants rely "was intended—and specifically written—to allow for a final opportunity to appear *before the return date of the motion*." (NYSCEF No. 16 at ¶ 10 [emphasis in original].) But plaintiffs' opening papers did not, as they now suggest, specifically limit the scope of the concession being offered. Nonetheless, this court declines to treat that concession, whatever its scope, as determinative—especially because defendants did not file timely opposition papers.

**2.** Plaintiffs' motion must be denied for a more fundamental reason: Plaintiffs have not provided proof of the facts constituting their claims, as CPLR 3215 (f) requires. Under CPLR

---

[5] This e-filing requirement is subject to limited exceptions not relevant here.

3215 (f), the requisite proof can take the form of an affidavit or a complaint verified on personal knowledge. Plaintiffs' complaint is not verified. (*See* NYSCEF No. 4.) Plaintiffs rely instead on an affidavit submitted by their manager for business and legal affairs. (*See* NYSCEF No. 11.) That affidavit is not sufficient.

The affidavit represents that it is based on the affiant's "personal knowledge and [her] review of plaintiff's business records, certain ones which are annexed hereto as exhibits." (*Id.* at ¶ 1.) It does not specify which representations are made on personal knowledge and which are based on a review of records. And no business records are attached as exhibits.

The absence of the referenced records is fatal to plaintiffs' motion because plaintiffs' right to recover on its claims, as described in the affidavit, depends, in effect, on a chain of title documented in a series of agreements. That is, the affidavit represents that (i) defendants assigned royalty rights to nonparty RAZOR/TEI (and executed an agreement giving RAZOR/TEI a security interest in the royalties); (ii) RAZOR/TEI transferred those royalty rights to plaintiff Artists Rights Management LLC; (iii) plaintiff Round Hill Music Royalty Fund II, LP later acquired Artists Rights Management LLC, including the royalty rights originally obtained from defendants. *None* of those transfer or acquisition agreements has been submitted to the court.[6] At most, plaintiffs filed copies of RAZOR/TEI's UCC-1 financing statement as an exhibit to the summons with notice and to the complaint. (*See* NYSCEF Nos. 2, 5.) That financing statement, standing alone, does not establish *plaintiffs'* right to the royalties at issue.

Further, the apparent basis for plaintiffs' claims that *defendants* are responsible for any injuries suffered by plaintiffs is the affidavit's representation that "the third-party clearinghouse, responsible for disbursing all royalty payments to plaintiffs, stopped sending such payments when [defendant] Mr. Simmons falsely informed the third-party clearinghouse that Artists Rights Management, LLC did not control the rights to his musical works." (NYSCEF No. 11 at ¶ 5.) But Plaintiffs do not submit any communications between Simmons and that unnamed third-party clearinghouse. Nor, absent the underlying agreements themselves, can this court assess the truth or falsity of Simmons's putative statement about ownership of the rights to his work.

Defendants' default in responding to the complaint does not oust plaintiffs' obligation to make out a prima facie case through an affidavit on personal knowledge that plaintiffs are entitled to relief on their claims. (*See Matter of Dyno v Rose*, 260 AD2d 694, 698 [3d Dept 1999].) Plaintiffs' affiant does not indicate that her representations about the material facts underlying plaintiffs' claims are made on personal knowledge. And to the extent that her representations are instead made based on her review of records that have not been produced, those representations are inadmissible hearsay lacking probative value, and are insufficient to

---

[6] The affidavit also does not address the relationship between plaintiff Round Hill Music, LP (Round Hill), and plaintiff Round Hill Music Royalty Fund II LP (Round Hill Royalty Fund), nor explain how Round Hill holds defendants' royalty rights or is otherwise entitled to recover. The (unverified) complaint alleges that Round Hill owns Round Hill Royalty Fund. (*See* NYSCEF No. 4 at ¶ 5.) But the complaint is not properly before the court for purposes of plaintiffs' default-judgment motion.

6

[* 6]

make out the requisite prima facie case. (*See Wells Fargo Bank, NA v Oziel*, 196 AD3d 618, 621 [2d Dept 2021]; *Bank of NY Mellon v Gordon*, 171 AD3d 197, 205-206 [2d Dept 2019].)

**3.** On this record, no basis exists to grant plaintiffs' default-judgment motion. This court must decide, therefore, how to proceed from here.

Plaintiffs argue vehemently that this court should not permit defendants to interpose their putative answer, because defendants filed that answer seven months late, *after* the return date of plaintiffs' default-judgment motion. This argument is not without force. And, as discussed above in Point I.B, defendants' explanation for their delay—that plaintiffs failed to serve their complaint properly—is unpersuasive. Conversely, though, as this court concluded in Point I.A, *supra*, plaintiffs' complaint was *also* filed nearly seven months late. And once defendants' time to respond to the complaint had expired, plaintiffs waited a further six months before moving for default judgment.

Neither set of parties, in other words, has litigated this action timely or expeditiously. In these circumstances, taking into account New York's preference for deciding actions on their merits rather than on procedural defaults, the court concludes that defendants should be permitted to answer.

Accordingly, it is

ORDERED that this court's order on motion sequence 001, dated January 29, 2024, is vacated; and it is further

ORDERED that plaintiffs' default-judgment motion (mot seq 001) is denied; and it is further

ORDERED that defendants' motion to dismiss (mot seq 002) is denied; and it is further

ORDERED that plaintiffs must accept defendants' proposed answer, filed on December 20, 2023, at NYSCEF No. 14, and that answer is deemed defendants' operative pleading in this matter; and it is further

ORDERED that the parties are directed to appear before this court for a telephonic preliminary conference on March 8, 2024.

|  |  |
|---|---|
| **2/13/2024** | HON. GERALD LEBOVITS |
| **DATE** | J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

7

[* 7]